IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN GAINES, in his individual capacity and Personal Representative of the Estate of EMILY GAINES, *et al.*, ) ) ) ) Plaintiffs, ) ) v. ) ) CITY OF MOORE, a municipal corporation, *et al.*, ) ) ) Defendants. ) | Case No. CIV-20-851-D |

## **ORDER**

Before the Court is Defendant Kyle Lloyd's Motion to Set Aside Clerk's Entry of Default and Motion for Leave to Answer Out of Time [Doc. No. 16].[1] Plaintiffs filed a response in opposition [Doc. No. 18].

### **BACKGROUND**

This case involves a tragic car accident. On the morning of December 14, 2019, Defendant Kyle Lloyd, a Moore police officer, was off-duty. While at home, Lloyd received a phone call from another officer who had locked his keys in his police car, and asked Lloyd to bring a spare key to the Chick-Fil-A in Moore. Lloyd left his home in his personal vehicle. While driving to Chick-Fil-A, Lloyd exceeded the posted speed limit of fifty miles per hour. As Lloyd approached the intersection of South Sooner Road and SE

---

[1] Also before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Kyle Lloyd [Doc. No. 13]. In light of the Court's findings as discussed herein, the Motion for Default Judgment [Doc. No. 13] is **DENIED AS MOOT.**

134th St., Lloyd was traveling ninety-four miles per hour. As Lloyd approached the intersection, he applied his brakes. Unfortunately, Lloyd collided with Emily Gaines, who was on her way to take the ACT college admission exam. Ms. Gaines died at the scene of the accident. Plaintiffs, on behalf of Ms. Gaines, filed the instant suit against the City of Moore, Todd Strickland, Jerry Stillings, Todd Gibson, and Kyle Lloyd.

Plaintiffs filed suit in the District Court of Cleveland County, Oklahoma, on July 24, 2020. *See* Notice of Removal [Doc. No. 1 at 1]. Lloyd was served on August 5, 2020. *See* Return of Service [Doc. No. 1-10]. The case was removed to this Court on August 24, 2020. *See* Notice of Removal [Doc. No. 1]. On September 10, 2020, Plaintiffs filed a motion for entry of default judgment against Lloyd, and the Court Clerk entered default. *See* [Doc. Nos. 8, 9]. On September 11, 2020, Plaintiffs filed a motion for default judgment. *See* [Doc. No. 13]. On November 15, 2020, Lloyd filed the instant Motion to set aside default [Doc. No. 16]. Plaintiffs have responded in opposition [Doc. No. 18].

## STANDARD OF DECISION

Fed. R. Civ. P. 55(c) provides that an entry of default may be set aside for "good cause." A court may consider, among other factors, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (citation omitted); *accord Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (unpublished). "These factors are not 'talismanic.'" *Hunt v. Ford Motor Co.*, 65 F.3d 178, 178 (10th Cir. 1995)). The court does not have to consider them all and may consider others. *Id.*

2

Recognizing that default judgments are a "harsh sanction" and that "strong policies favor resolutions of disputes on their merits," the Tenth Circuit has advised that a default judgment must normally be viewed as available only when the adversarial process has been halted because of an essentially unresponsive party. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). In such circumstances, the diligent party must be protected so that it is not subjected to "interminable delay and continued uncertainty as to his rights." *Id.* at 733. Default judgments are generally disfavored because "the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Id.*; *accord J & J Sports Prods. Inc. v. Diaz*, No. CIV-13-1200, 2014 WL 4467719, at *2 (W.D. Okla. Sept. 10, 2014).

## DISCUSSION

In deciding whether good cause exists for setting aside the default, the Court turns to the relevant factors outlined by the Tenth Circuit. Although not determinative, these are a helpful guide to the Court's exercise of discretion.

### I.     Willful Default

Defendant asserts there was nothing willful about the default. *See* [Doc. No. 16 at 6]. Defense counsel represents that the default was a result of his inadvertence and oversight, but it was not willful. Plaintiffs maintain that default should be entered because of defense counsel's culpable conduct. Plaintiffs represent that Defendant knew the litigation was pending and provides no excuse for the default.

Defendant was served on August 5, 2020. Defense counsel was assigned to the case by Lloyd's liability insurance carrier on August 26, 2020. Defense counsel represents that

he attempted to call Plaintiffs' counsel around September 1, 2020, but was unable to reach them. On September 10, Plaintiffs filed the motion for entry of default, and default was entered the same day. Defense counsel again represents that he attempted to reach Plaintiffs' counsel around September 14, 2020, but was unable to make contact. Nothing happened then for fifty-nine days. On November 12, 2020, defense counsel represents that "due to inadvertence and oversight of the undersigned counsel caused by various personal and professional reasons, further follow-up on the matter was missed until November 12, 2020, and upon discovery of the circumstances an email was immediately sent to Plaintiffs' counsel that date explaining counsel's discovery and requesting contact." Def.'s Mot. [Doc. No. 16 at 3]. On November 15, 2020, Defendant filed the instant Motion to set aside the entry of default [Doc. No. 16].

"'A late filing, without more, does not make a party's conduct willful for purposes of Rule 55(c).'" *Kahler v. Wal-Mart Stores, Inc.*, No. 20-cv-01536-WJM-KMT, 2020 WL 7335714, at *3 (D. Colo. Dec. 14, 2020) (citing *AmAir, Inc. v. Gapex Aviation SP. Z O.O.*, No. 15-cv-02596-CMA-KLM, 2016 WL 9735732, at *2 (D. Colo. Nov. 16, 2016)). "[A]n unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c)." *Crapnell v. Dillon Co., Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015). Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpable conduct. *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006). *See also Maes v. Bland*, No. 18-cv-00052-PAB-NYW, 2019 WL 4187528, at *2 (D. Colo. Sept. 3, 2019).

Defense counsel made an inadvertent mistake, but upon discovery, he promptly filed the instant Motion to correct his mistake. The Court finds that Defendant's error does not rise to the level of culpable conduct contemplated by Rule 55(c). This factor weighs in favor of establishing good cause to set aside the default.

## II.     Prejudice to the Opposing Party

As to the second factor, "'[p]rejudice requires "more than mere delay" or an increase in litigation costs.'" *Kahler*, 2020 WL 7335714 at *4 (citing *AmAir*, 2016 WL 9735732, at *3). A plaintiff must show prejudice "in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Kahler*, 2020 WL 7335714 at *4 (citation omitted).

Defendant maintains that setting aside the entry of default will not unfairly prejudice Plaintiffs. No status conference has occurred, and the Court has not entered a scheduling order. Plaintiffs contend that they will be prejudiced because of Defendant's failure to answer filings in a timely manner. Plaintiffs also maintain that the related criminal case against Defendant will continue to prejudice Plaintiffs' ability to collect on any judgment they may obtain.

The Court agrees with Defendant. This case was removed, and the co-defendants filed a motion to dismiss. The Court has not yet ruled on the motion to dismiss, and no scheduling conference has occurred. No deadlines have been set. This factor also weighs in favor of establishing good cause to set aside the entry of default.

### III. Meritorious Defense

With the meritorious defense prong, the Court must "determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Kahler*, 2020 WL 7335714, at *4. "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *Zen*, 2006 WL 1883173, at *3 (internal quotation marks and citation omitted). A defendant need not demonstrate a likelihood of success on the merits. "Rather, a defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001).

Defendant contends that he will advance multiple defenses if this case proceeds on the merits. Specifically, Defendant will likely assert that he did not intentionally cause the decedent's death, and that he was acting within the scope of his employment. Alternatively, Defendant will assert that he was acting outside the scope of his employment. Defendant also states he will include factual and legal defenses to Plaintiffs' damages claims. Plaintiffs contend that Defendant's assertions are not meritorious, and the instant Motion is lacking in factual support as to the proposed defenses.

Although there is scant factual support in the Motion, the defenses, if proven at trial, could lead to an outcome contrary to the result achieved by default. Bearing in mind the liberal standard of Rule 55(c), the Court finds that Defendant has shown good cause to vacate the entry of default.

## CONCLUSION

For the reasons discussed herein, Defendant Kyle Lloyd's Motion to Set Aside Clerk's Entry of Default and Motion for Leave to Answer Out of Time [Doc. No. 16] is **GRANTED.**

**IT IS THEREFORE ORDERED** that the Clerk's Entry of Default [Doc. No. 9] against Defendant Lloyd is **VACATED.**

**IT IS FURTHER ORDERED** that Defendant Lloyd shall file an answer to Plaintiffs' amended petition within fourteen days of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 13] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 29th day of July, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge