IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN GAINES, in his individual, capacity as Personal Representative of the Estate of Emily Gaines, *et al.*,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF MOORE, *et al.*,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. CIV-20-851-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant City of Moore's (the "City" or "Moore") Motion to Strike Affidavit of David Roberts and/or Motion for Sanctions [Doc. No. 106]. Plaintiffs filed a response [Doc. No. 110], and the City replied [Doc. No. 111]. The matter is fully briefed and at issue.

## BACKGROUND

This case stems from a tragic car accident. On the morning of December 14, 2019, Kyle Lloyd, a Moore police officer, was at home when he received a phone call from another officer who had locked his keys in his police car. That officer told Mr. Lloyd to bring a spare key to a Chick-Fil-A in Moore and that he needed to hurry. Mr. Lloyd left his home in his personal vehicle. While driving to Chick-Fil-A, Mr. Lloyd exceeded the posted speed limit of 50 miles per hour. As Mr. Lloyd approached the intersection of South Sooner Road and SE 134th St., he was traveling 94 miles per hour. Before Mr. Lloyd reached the intersection, he applied his brakes. Unfortunately, Mr. Lloyd collided with a vehicle driven

by Emily Gaines, who was on her way to take the ACT college admission exam. At the moment of the collision, Mr. Lloyd was travelling 77 miles per hour. Ms. Gaines died at the scene of the accident.

Plaintiffs filed this suit against the City, Todd Strickland, Jerry Stillings, Todd Gibson, and Mr. Lloyd. Plaintiffs seek to hold the City liable pursuant to 42 U.S.C. § 1983 on a theory of municipal liability. On June 3, 2022, the Court dismissed Plaintiffs' claims against Mr. Strickland, Mr. Stillings, and Mr. Gibson. *See* 6/3/2022 Order [Doc. No. 41]. In the same order, the Court held that Plaintiffs failed to "state a plausible municipal liability claim on the basis of formal policies or widespread customs" and failed to "state a plausible municipal liability claim on the basis of a deliberately indifferent failure to train." *Id.* at 6-7; 9-10. The Court also dismissed Plaintiffs' claim against the City for negligent hiring, training, supervision, and retention. *Id.* at 11. However, the Court held that Plaintiffs' claim "based on the City's deliberately indifferent failure to supervise . . . is the only plausible basis for Plaintiffs' municipal liability claim." *Id.*

On August 11, 2023, the City filed a motion for summary judgment [Doc. No. 96]. Plaintiffs responded on September 14, 2023 [Doc. No. 103].[1] Plaintiffs attached to their response an affidavit from Officer David Roberts, an Oklahoma City police officer, the substance of which is set forth in full below:

---

[1] Mr. Lloyd also filed a response to the City's motion for summary judgment, but his response is not relevant for purposes of the instant Motion.

> I, David Roberts, having been duly sworn upon my oath, do hereby depose and state upon my oath under penalty of perjury as follows:
>
> 1. I, David Roberts, am a police officer with the City of Oklahoma City Police Department.
> 2. I routinely patrol the streets of Oklahoma City, including Sooner Road, as part of my duties as a police officer.
> 3. Part of my duties as a police officer is the enforcement traffic laws.
> 4. That several years before December 14, 2019, I did pull over a City of Moore Police Officer driving what appeared to be a personal vehicle. The traffic stop was initiated because the patrol radar indicated a vehicle speed well over 100 MPH on Sooner Road. The posted speed limit is 50 MPH in this area of S. Sooner Road. This occurred in Cleveland County, in Oklahoma City.
> 5. I issued a verbal warning. As a courtesy, I did not issue him a citation.
> 6. At Kyle Lloyd's criminal proceeding, well after the wreck with Emily Gaines, I recognized Kyle Lloyd as the Moore Police Officer I had stopped that day on S. Sooner Road, for exceeding 100 MPH.
> 7. I did notify the lead investigating officer, Mark Sexton, of this fact.

Pls.' Resp. to Mot. Summ. J., Ex. 11 [Doc. No. 103-11]. The affidavit lends support to Plaintiffs' allegation that Mr. Lloyd had previously been pulled over in a personal vehicle travelling 127 mph—an allegation that, until Officer Roberts' affidavit, had been largely unsubstantiated.

On September 21, 2023, the City filed the instant Motion, in which it seeks an order striking Officer Roberts' affidavit and/or sanctioning Plaintiffs for their failure to disclose Officer Roberts as a witness.

## DISCUSSION

The City's primary issue with Officer Roberts' affidavit is Plaintiffs' alleged failure, over the duration of this lawsuit, to disclose Officer Roberts as a potential witness or disclose the specific details included in his affidavit. The City argues that at the heart of

Plaintiffs' claims is an allegation that Mr. Lloyd was previously pulled over in his personal vehicle travelling 127 mph. Despite that being at the heart of Plaintiffs' claims, and despite Plaintiffs' counsel stating that they had the "officer that pulled [Mr. Lloyd] over who states it was 127 miles per hour," Plaintiffs never disclosed Officer Roberts or his expected testimony in discovery responses or in their final witness list. It appears the City's argument, at its essence, is that Plaintiffs intentionally withheld known information, only to spring that information on the City after discovery has closed and the City's summary judgment motion has been finalized and filed.

In response, Plaintiffs argue that, although the City might not have known the exact identity of Officer Roberts or the precise scope of his testimony, it knew the important pieces. Indeed, Plaintiffs argue that the only pieces of information in Officer Roberts' affidavit unknown to the City before Plaintiffs' response brief was filed were Officer Roberts' exact identity—as opposed to a "police officer"—and that Mr. Lloyd was allegedly pulled over while driving over 100 mph—as opposed to merely being pulled over for speeding. Plaintiffs further argue that, despite knowing that Plaintiffs had the police officer who pulled Mr. Lloyd over while allegedly driving 127 mph, the City took no action to ascertain Officer Roberts' identity or the totality of his testimony. In any event, Plaintiffs argue that their failure to disclose Officer Roberts was unintentional and any prejudice to the City can be cured. Plaintiffs also ask the Court for leave to file an amended final witness list that includes Officer Roberts.

I.      **The Court will not strike Officer Roberts' affidavit.**

FED. R. CIV. P. 26(a) requires a party to, "without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." And FED. R. CIV. P. 26(e) states that a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

The Rules provide for a party's failure to comply with the above-quoted sections of Rule 26. FED. R. CIV. P. 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) goes on to state that, in addition to or instead of precluding a party from using evidence, the Court may, among other things, "order payment of the reasonable expenses, including attorney's fees, caused by the failure."

Relying on FED. R. CIV. P. 37(c)(1), the City argues that the "prejudicial effect of allowing Plaintiffs to submit Officer Roberts' affidavit cannot be understated." Mot. to

5

Strike at 7.² The City claims that, had it known about Officer Roberts' expected testimony, it would have "issued additional discovery requests, subpoenaed additional third-parties, asked different questions at (presumably) every deposition, taken additional persons' depositions, and included additional information in its Motion for Summary Judgment." *Id.* The City further claims that the prejudice it has suffered is uncurable, largely due to the fact that it has divulged its defense strategy via its motion for summary judgment. *Id.* at 7-8. The City, thus, asks the Court to strike Officer Roberts' affidavit from the record or, alternatively, to sanction Plaintiffs. *Id.* at 9.

In response, Plaintiffs offer a different story. Plaintiffs admit that they failed to disclose Officer Roberts in discovery, but they argue that their failure was not in bad faith and any resulting prejudice to the City can be cured. Further, Plaintiffs argue that their "position and independent facts underlying Roberts' testimony has been known to [the City] since the early stages of this litigation." Pls.' Resp. to Mot. to Strike at 4. Indeed, Plaintiffs argue that the only new information revealed by Officer Roberts' affidavit is: (1) his identity, as opposed to an unknown police officer; and (2) that Mr. Lloyd was travelling over 100 mph, as opposed to simply speeding. *Id.* at 3-5. With that in mind, Plaintiffs contend that the City "was aware that Plaintiff[s] knew of and intended to call the officer who previously pulled Lloyd over," but did nothing to further discover information relevant to that traffic stop. *Id.* at 7.

---

² All citations to pages in pleadings are to the ECF file-stamped page number at the top of each page.

After careful consideration of the parties' positions, the Court declines to strike Officer Roberts' affidavit, despite Plaintiffs' clear failure to disclose Officer Roberts at numerous points during this case. In considering whether Plaintiffs' failure to disclose Officer Roberts is substantially justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

First, the Court finds that the surprise to the City does not weigh heavily one way or the other. On the one hand, Plaintiffs unquestionably did not include Officer Roberts in pertinent discovery responses or in their witness lists. On the other, it appears that the City had enough information to raise the deficiency with Plaintiffs before the filing of its motion for summary judgment. The Court is not suggesting that the burden to discover Officer Roberts' identity fell on the City; indeed, Plaintiffs' failure to disclose Officer Roberts—at multiple stages of the litigation—is difficult to justify. However, it seems unlikely that Officer Roberts' affidavit could have taken the City totally by surprise. The Court similarly is not persuaded by the City's assertion that it would have conducted significantly more discovery had it known the substance of Officer Roberts' testimony, given that the City has apparently only conducted one deposition in this case. *See* Pls.' Resp. to Mot. to Strike at 5. Nevertheless, the Court finds that the City has been prejudiced, due to Plaintiffs' late-in-the-game disclosure of a seemingly key witness. The critical question, as addressed below, is whether that prejudice can be cured.

Second, the Court finds that the prejudice to the City can be cured. Although less than ideal, the Court, in exercising its broad discretion, can tailor a remedy to allow the City to conduct additional discovery and re-file pending motions. This sort of remedy will certainly impact future events, including a potential trial date, but the Court is not inclined to punish Plaintiffs for the failings of their lawyers. The Court will set forth this remedy in greater detail in the Conclusion section below.

Third, allowing Officer Roberts to submit his affidavit will not disrupt trial, as the trial date in this case was suspended pending the Court's ruling on the City's motion for summary judgment. As explained in detail below, the trial date is now further suspended because of the need to reopen discovery to account for Plaintiffs' failure to disclose Officer Roberts.

Fourth, although Plaintiffs' failure to disclose Officer Roberts was at least careless, the Court declines to find that Plaintiffs acted willfully or in bad faith.

**II.     The Court will allow Plaintiffs to file an amended witness list.**

Plaintiffs ask that the Court allow them to file an amended final witness list, which would include Officer Roberts. *See* Pls.' Resp. to Mot. to Strike at 14. As set forth more fully in the Conclusion section below, the Court will allow Plaintiffs to file an amended final witness list.

**III.    Plaintiffs' counsel shall pay the City's costs and attorney fees incurred in filing the instant Motion and associated reply brief, along with the costs associated with Officer Roberts' deposition.**

The City argues that, if the Court declines to strike Officer Roberts' affidavit, Plaintiff should be required to pay the City's costs and attorney fees "associated with the

significant amount of additional discovery and motion-practice that will necessarily ensue, as well as the filing of this motion." Mot. to Strike at 9. Pursuant to FED. R. CIV. P. 37(c)(1), and its inherent authority, the Court orders Plaintiffs' counsel to pay the City's costs and attorney fees incurred in filing the instant Motion and associated reply brief. Additionally, the Court orders Plaintiffs' counsel to pay all costs (as opposed to attorney fees) associated with Officer Roberts' deposition, should the City elect to depose him.

## CONCLUSION

For these reasons, the City's Motion to Strike Affidavit of David Roberts and/or Motion for Sanctions [Doc. No. 106] is **GRANTED IN PART** and **DENIED IN PART**, as more fully set forth below.

**IT IS THEREFORE ORDERED** as follows:

- The Court will not strike Officer Roberts' affidavit. However, all pending motions [Doc. Nos. 94, 95, 96, 97] are **DENIED** without prejudice to resubmission after the 60-day discovery period discussed below.

- Pursuant to FED. R. CIV. P. 37(c)(1) and the Court's inherent authority, Plaintiffs' counsel—not Plaintiffs—shall pay the attorney fees and costs incurred by the City in filing this Motion and its reply. Plaintiffs' counsel shall also pay the costs associated with Officer Roberts' deposition, should the City elect to depose him. The City shall file an application for costs and attorney fees within fourteen (14) days of Officer Roberts' deposition.

- The Court will reopen the discovery period for sixty (60) days from the issuance of this Order. During that time, the City may serve additional discovery requests and take additional depositions, as it deems appropriate.

- At the conclusion of the 60-day discovery period, the parties shall file a joint proposed schedule governing resubmission of motions for summary judgment and *Daubert* motions.

- Plaintiffs' Final List of Witnesses [Doc. No. 81] is **STRICKEN**. The Court will allow Plaintiffs to file an amended final witness list. The amended final

witness list shall be identical to Plaintiffs' prior list, aside from the addition of Officer Roberts and his expected testimony. Plaintiffs shall file their amended final witness list within seven (7) days of this Order. Should the City feel the need in the future to amend its Final Witness and Exhibit List [Doc. No. 88], the Court will view favorably a motion seeking leave to do so.

**IT IS SO ORDERED** this 15th day of December, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge