IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN GAINES, in his individual capacity and Personal Representative of the Estate of EMILY GAINES, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. CIV-20-851-D |
| v. | ) ) |
| CITY OF MOORE, a municipal corporation, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is Defendant City of Moore's (the "City") Application for Attorneys' Fees and Costs [Doc. No. 125]. Plaintiffs' counsel, Chris Hammons and Jason Hicks, filed a response [Doc. No. 126], to which the City replied [Doc. No. 127]. The matter is fully briefed and at issue.

**BACKGROUND**

This case stems from a tragic car accident. On the morning of December 14, 2019, Kyle Lloyd, a Moore police officer, was at home when he received a phone call from another officer who had locked his keys in his police car. That officer told Mr. Lloyd to bring a spare key to a Chick-Fil-A in Moore and that he needed to hurry. Mr. Lloyd left his home in his personal vehicle. While driving to Chick-Fil-A, Mr. Lloyd exceeded the posted speed limit of 50 miles per hour. As Mr. Lloyd approached the intersection of South Sooner Road and SE 134th St., he was traveling 94 miles per hour. Before Mr. Lloyd reached the intersection, he applied his brakes. Unfortunately, Mr. Lloyd collided with a vehicle driven

by Emily Gaines, who was on her way to take the ACT college admission exam. At the moment of the collision, Mr. Lloyd was travelling 77 miles per hour. Ms. Gaines died at the scene of the accident.

The Court need not provide a comprehensive procedural history here.[1] For purposes of this order, the following procedural events are relevant:

- On August 11, 2023, the City filed a motion for summary judgment [Doc. No. 96].

- On September 14, 2023, Plaintiffs filed a response to the City's motion for summary judgment [Doc. No. 103]. To support their response, Plaintiffs attached an affidavit from Officer David Roberts, an Oklahoma City police officer. The substance of Officer Roberts' affidavit supported Plaintiffs' allegation that Mr. Lloyd had previously been pulled over by Officer Roberts while driving 127 miles per hour. Plaintiffs had never formally identified Officer Roberts as a potential witness or disclosed the specific factual details included in his affidavit.

- On September 21, 2023, the City filed its motion to strike Officer Roberts' affidavit [Doc. No. 106]. As part of its motion, the City sought attorney fees and costs associated with anticipated discovery and motion practice stemming from Plaintiffs' counsel's failure to disclose Officer Roberts.

- On December 15, 2023, the Court granted in part and denied in part the City's motion to strike [Doc. No. 115]. As part of that order, the Court, pursuant to FED. R. CIV. P. 37(c)(1) and the Court's inherent authority, ordered Plaintiffs' counsel to "pay the attorney fees and costs incurred by the City in filing this Motion and its reply." *Id.* at 9. The Court further ordered Plaintiffs' counsel to "pay the costs associated with Officer Roberts' deposition, should the City elect to depose him" and required the City to "file an application for costs and attorney fees within fourteen (14) days of Officer Roberts' deposition." *Id.*

- On February 23, 2024, the City filed the instant application [Doc. No. 125]. The City seeks $12,702 in attorney fees and $293.66 in costs. *Id.*

---

[1] A more detailed procedural history can be found in the Court's order on the City's previously filed motion to strike [Doc. No. 115].

## DISCUSSION

As an initial matter, the Court rejects Plaintiffs' counsel's argument that, because the City took short depositions of Officer Roberts and Officer Sexton (which purportedly did not confirm anything beyond what was contained in Officer Roberts' affidavit), the Court should decline to award attorney fees and costs. *See* Pls.' Resp. at 3-7. Further, the Court rejects Plaintiffs' counsel's argument that the Court should decline to award attorney fees and costs because the City did not serve additional discovery requests. *See id.* at 7-10. Each argument misses the mark. The Court is awarding the City attorney fees and costs because the City was forced to prepare and file a document—its motion to strike—as a result of Plaintiffs' counsel's "clear failure to disclose Officer Roberts at numerous points during this case." *See* 12/15/2023 Order at 7. As part of its order, the Court also provided the City the chance to conduct any additional discovery it deemed necessary. The City did so. The Court will not second guess the City's litigation strategy.[2]

Moving to the reasonableness of the City's attorneys' hourly rates, the City seeks recovery of Blaine Nice's and Dane Miller's time spent preparing the City's motion to strike and the costs associated with deposing Officer Roberts. City's App. Att'y Fees, Ex. 1 [Doc. No. 125-1] at 4-6. Mr. Nice's hourly rate was $345, while Mr. Miller's was $240. *Id.* at 5. The Court is familiar with the rates charged by lawyers in the Oklahoma City

---

[2] Indeed, the City provides a reasonable explanation as to why the depositions were short and no additional discovery was served: "The simple reason for the brief duration of depositions and no additional discovery being issued is that neither Officer Roberts nor Mark Sexton possessed any information which supports Plaintiffs' claims." City's Reply at 2. To be clear, the Court, for purposes of this order, takes no position on the substance of the City's explanation. However, the City's belief provides a reasonable basis for the lack of further in-depth discovery.

metropolitan area, and concludes that the rates charged by Mr. Nice and Mr. Miller are reasonable.

As for the reasonableness of the attorney fees sought, the Court finds that several of defense counsel's time entries lack sufficient detail to allow the Court to determine the reasonableness of the time spent preparing the City's motion to strike. Defense counsel "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Court must scrutinize such records to "ensure that the . . . attorneys have exercised 'billing judgment'" by "winnowing the hours actually expended down to the hours reasonably expended." *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

Although billing records should not, and could not possibly, include every detail of every task undertaken, the records are expected to be "meticulous." *See Terra Venture Inc. v. JDN Real Estate-Overland Park, L.P.*, 242 F.R.D. 600, 604 (D. Kan. 2007). Defense counsel's billing records are, for the most, sufficiently meticulous. However, a number of entries lack clarity that would allow the Court to determine how much time spent was associated with the City's motion to strike, as opposed to other legal work. For instance, on September 17, 2023, Mr. Miller billed 4 hours associated with the following time entry: "WORK ON OUTLINES FOR MOTION TO STRIKE AND REPLY TO MOTION FOR SUMMARY JUDGMENT." City's App. Att'y Fees, Ex. 1 at 4 (emphasis in original). As

4

another example, on September 20, 2023, Mr. Miller billed 9.3 hours associated with the following time entry: "CONTINUE DRAFTING MOTION TO STRIKE AND MOTION FOR SANCTIONS; BEGIN DRAFTING REPLY IN SUPPORT OF SUMMARY JUDGMENT." *Id.* (emphasis in original). The City's summary judgment briefing is beyond the scope of the Court's order, and, based on the referenced time entries, it is impossible to discern how much of the 13.3 total hours was spent on the motion to strike versus summary judgment briefing.

Clearly, Plaintiffs' counsel's failure to disclose Officer Roberts required the City to incur otherwise unnecessary attorney fees. But, without the meticulous detail and clarity required, the Court is unable to assess the reasonableness of numerous time entries and agrees with Plaintiffs' counsel that, on its face, $12,702 spent in preparing the motion to strike is unreasonable. The Court will, therefore, apply a 50% deduction to the $12,702 sought, which reduces the City's attorney fee award to $6,351. *See Okla. Nat'l Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1265 (N.D. Okla. 2004) ("Instead, the undersigned will adopt the tack taken by courts that have used a general reduction to compensate for hours not properly recorded.") (citing cases).

The Court further finds that the City's costs associated with deposing Officer Roberts are reasonable.

## CONCLUSION

For these reasons, the City's Application for Attorneys' Fees and Costs [Doc. No. 125] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that Plaintiffs' counsel shall pay $6,644.66 (the reduced attorney fee amount plus $293.66 in costs) to the City's attorneys within thirty (30) days of this order. Plaintiffs' counsel's failure to comply with the 30-day deadline may result in monetary or non-monetary sanctions, to be determined by the Court based on the circumstances of the violation.

**IT IS SO ORDERED** this 22nd day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge