**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BRYAN GAINES, in his individual Capacity and as Personal Representative of the Estate of Emily Gaines, et al. | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CIV-20-851-D |
| | ) | |
| **(1)** CITY OF MOORE, a municipal corporation; | ) ) | |
| **(2)** TODD STRICKLAND, in his individual capacity, | ) ) | |
| (3) JERRY STILLINGS, in his individual capacity; | ) ) | |
| (4) TODD GIBSON, in his individual capacity as MOORE POLICE DEPARTMENT POLICE CHIEF; | ) ) ) | |
| (5) KYLE LLOYD, in his individual capacity, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KYLE LLOYD'S MOTION TO PRESENT
TRIAL TESTIMONY BY ALTERNATIVE MEANS**

COMES NOW, Defendant Klye Lloyd, by and through his counsel of record, and hereby submits his Motion to Present Trial Testimony by Alternative Means due to Mr. Lloyd being unavailable as he is currently imprisoned and there exists a serious safety risk with transferring him to another prison for the purpose of live testimony at trial. This Motion is being brought in accordance with Rule 32 of the Federal Rules of Civil Procedure. Defendant requests that this Court find Mr. Lloyd unavailable under Rule 32 and allow his trial testimony to be in the form of a video trial deposition.

1

The undersigned counsel has discussed the relief requested herein with counsel for Plaintiff and the City of Moore, both of whom object to the Motion.

## STATEMENT OF THE CASE

This is an unfortunate case involving a senior police officer with the City of Moore Police Department. Officer Lloyd started his career as a police officer with Moore at the age of 21. Officer Lloyd had been a police officer for 13 years at the time he was involved in a fatality collision involving Emily Gaines in December 2019. As a result of this collision, Officer Lloyd was charged with and pled guilty to manslaughter. He was sentenced to 18 years. He is currently serving that sentence at the Joseph Harp Correctional Center in Lexington, Oklahoma.

The civil trial of this fatality collision is set to occur beginning on November 4, 2025, before this Court in the Western District of Oklahoma. Kyle Lloyd is incarcerated in Lexington, Oklahoma. While it will be inconvenient and expensive to arrange for Mr. Lloyd to attend this trial live, a more serious concern is what cost this may hold for his overall safety. A Moore City Police Officer faces a serious threat to life and safety if he were to be, even temporarily, imprisoned in the Oklahoma City area in a higher security facility that houses more violent individuals and those not nearing the end of their incarceration. The benefit of Mr. Lloyd's live testimony does not outweigh the serious threat to his safety that will exist for him to be transferred into another facility.

## ARGUMENT AND AUTHORITY

### I.   MR. LLOYD IS UNAVAILABLE UNDER FRCP RULE 32

Mr. Lloyd is unavailable due to his imprisonment and the serious threat to his safety that exists in transferring facilities. The Federal Rules of Civil Procedure have a rule on this exact situation. Rule 32(a)(4) specifically states:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: … C) that the witness cannot attend or testify because of age, illness, infirmity, or **imprisonment**… or E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Not only is Mr. Lloyd imprisoned, making his availability at trial challenging, but there is a serious and substantial risk to his safety to transport and hold him in a separate prison in the Oklahoma City area. Not only is Mr. Lloyd imprisoned, but there is an exceptional circumstance that makes it desirable to permit a video trial deposition to be used in the interest of justice and even with due regard to the importance of live testimony.

The Court is within its power to weigh the benefit of live testimony against the risk to safety. The Court has considerable discretion in making these determinations. "The decision to admit deposition testimony will not be reversed absent a clear showing the trial court abused its discretion." *Nationwide Mut. Fire Ins. Co. v. Dunkin*, 850 F.2d 441, 443 (8th Cir. 1988); *Delgado v. Pawtucket Police Department*, 668 F.3d 42, 48-49 (1st Cir. 2012) (the Court may find that the witness is unavailable due to those factors listed in Rule 32 when it is established that there exists "a genuine barrier to live testimony."). Deposition testimony is permissible when "live testimony from the deponent is impossible or highly

impracticable and 'the interest[s] of justice,' 'with due regard to the importance of live testimony in open court,' counsel in favor of admissibility." *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014).

Officer Lloyd, as a former police officer, has experienced harm from other inmates on several occasions. This was especially true when he was imprisoned in Cleveland County. On one occasion, he had to be placed in solitary confinement for his own safety. Obviously, a constant threat to life has a deep impact on the psychology of a person. On other occasions, while being held at Lawton Correctional Facility, there were two separate attempts on his life after the inmates became aware that he was a former police officer. There was a specific situation in which an inmate poisoned his drinking water with fentanyl. Another situation involved four members of the Aryan Brotherhood who rushed into his cell and attempted to beat him. He received injuries from that attack. Given his background, Mr. Lloyd feels a serious threat to his life may occur if he is required to be imprisoned elsewhere.

Mr. Lloyd is currently imprisoned at Joseph Harp, which is a minimum-security facility housing mostly nonviolent inmates, who have freedom and privileges other facilities don't offer, and are often near the end of their incarceration. These incentives have outweighed other prisoners' animosity toward law enforcement officers. He has established himself at this prison and feels relatively safe. This would be seriously disrupted should he be housed, even temporarily, in another prison, especially near the area of his former employment as a Moore Police Officer. It is well-known that violent criminals don't behave well towards former police officers in prison, as law enforcement played the

4

critical role in their incarceration. The Court is asked to consider the concerns Mr. Lloyd has for his own safety, particularly when his testimony is readily available by other means.

## II.    PLAINTIFFS' CASE WILL NOT BE PREJUDICED

While a serious threat exists to Mr. Lloyd's life to have him present for live testimony, Plaintiffs' case will not face any prejudice whatsoever by having Mr. Lloyd present via video trial deposition rather than in-person live testimony. In theory, under Rule 32, the Court could allow for a *reading* of Mr. Lloyd's discovery deposition transcript to be utilized. However, Mr. Lloyd, in an effort to accommodate Plaintiffs in their request for live testimony, is willing to present this testimony through a video deposition rather than a reading of discovery deposition testimony, even though the transcript is sufficient under Rule 32. *See*, *e.g.*, *McDowell*, *supra*. Video trial depositions are routinely utilized to record trial testimony of witnesses who become unavailable at the time of trial. This is a common practice. Technology has allowed for the presentation of a clear, crisp video trial deposition for the jury that hardly differs from live testimony. "Trial depositions are definitely of benefit to the orderly conduct of trial. Trial depositions can alleviate the need for a court to alter its schedule to accommodate the extremely busy schedules of physicians and others who are justifiably unable to meet the court's schedule." *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122 (S.D. Ind. 1991).

Given the world we live in today, there is negligible harm to Plaintiffs to conduct a video trial deposition. The quality of a video trial deposition is the same as a live witness. The jury will be able to assess the witness through the screen in the same manner as if the witness had been live. The Court is asked to weigh the importance of live testimony with

5

the substantial safety risk to Mr. Lloyd's life that will be present for him in a prison located in Oklahoma City as a former Moore City Police Officer. That risk to his life far outweighs any potential benefit of live testimony.

Pursuant to Rule 32, Defendant Lloyd requests that the Court find him "unavailable," not only due to imprisonment, but due to the serious threat to his life that would exist in a more violent prison located near the Moore City area where he served for 13 years as a police officer. Defendant Lloyd respectfully requests that this Court grant his Motion to Present Trial Testimony by Alternative Means in accordance with Rule 32 of the Federal Rules of Civil Procedure.

### III.    ALTERNATIVE REQUEST FOR LIMITED WRIT OF HABEUS CORPUS

On September 12, 2025, Plaintiff filed a Motion for Writ of Habeus Corpus Ad Testificandum [Doc. 181]. In the Motion, Plaintiff's counsel did note Defendant Lloyd's objection to the relief requested therein. However, on September 15, 2025, the Court issued its Order granting Plaintiff's Motion [Doc. 183] and issued a Writ of Habeus Corpus Ad Testificandum directing the U.S. Marshal for the Western District of Oklahoma to bring Kyle Lloyd before the Court at 9:00 am on November 4, 2025 and from day to day thereafter for purposes of testifying in the trial of this case [Doc. 184].

Defendant Lloyd respectfully requests the Court grant the present Motion to Testify by Alternative Means. However, alternatively, requests that the Court modify the Writ of Habeus Corpus to direct the U.S. Marshal Service to deliver Mr. Lloyd to Court for the purposes of testifying on a single date certain and return him to the confines of the Joseph

6

Harp Correctional Facility at the conclusion of that day's trial proceedings. This may balance any interest served by Mr. Lloyd's in person attendance with the competing interest in his safety within the correctional system. Counsel for Lloyd conferred with Plaintiff's Counsel and Counsel for City of Moore, and neither object to this alternative request.

WHEREFORE, Defendant Kyle Lloyd respectfully requests that this Court find that he is unavailable under Rule 32 of the Federal Rules of Civil Procedure and that this Court grant his Motion to Present His Trial Testimony by Alternative Means, i.e., by a video trial deposition or, alternatively, modify the Writ of Habeus Corpus to one date certain.

Respectfully submitted,

s/Michael Woodson
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 N. Harvey
Oklahoma City, OK 73102
Telephone:   405-235-9584
Facsimile:   405-235-0551
mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEY FOR DEFENDANT***
***KYLE LLOYD***

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Michael Woodson
Michael Woodson

8