**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRYAN GAINES, in his individual capacity | ) | |
| and as personal representative of the Estate of | ) | |
| EMILY GAINES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CIV-20-851-D |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion in Limine [Doc. No. 154], Defendant City of Moore's Motion in Limine [Doc. No. 158], and Defendant Kyle Lloyd's Motion in Limine [Doc. No. 163]. Defendants filed responses [Doc. Nos. 178, 179] to Plaintiffs' Motion. Plaintiffs and Defendant Kyle Lloyd filed responses [Doc. Nos. 173, 178] to Defendant City of Moore's Motion. Plaintiffs also filed a response [Doc. No. 175] to Defendant Kyle Lloyd's Motion. Defendant City of Moore did not file a response to Defendant Kyle Lloyd's Motion and the time to do so has passed. Thus, the Motions are fully briefed and at issue.

## BACKGROUND

The facts of the present case are more fully set out in the Court's Order granting in part and denying in part Defendant City of Moore's ("City") motion for summary judgment [Doc. No. 146] and will not be restated at length. In summary, this case arises from a fatal car accident.

1

On the morning of December 14, 2019, Defendant Lloyd, a former Moore police officer, was off-duty when an on-duty Moore police officer called and asked Mr. Lloyd to bring him a spare key to a police car, as the officer had locked his keys in the car. When Mr. Lloyd was driving his personal vehicle to deliver the spare key, he tragically collided with a vehicle driven by Emily Gaines ("Decedent"). Ms. Gaines died at the scene of the accident.

Plaintiffs' claims for § 1983 liability— substantive due process and negligence/wrongful death against Defendant Lloyd remain, and their claim under the Oklahoma Governmental Tort Claims Act ("GTCA") for respondeat superior liability against the City remains.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence is plainly 'inadmissible on all potential grounds' … and it

should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* at 1218-19 (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply

the rules of evidence." *Hussein v. Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

### Plaintiffs' Motion in Limine [Doc. No. 154]

**I.   Evidence/Argument attributing Fault to Decedent.**

Plaintiffs seek to exclude any evidence or argument that Decedent was contributorily negligent because it is irrelevant and unduly prejudicial as it would confuse the jurors. Plaintiffs argue that there is no evidence that Decedent was responsible or negligent regarding the accident. Further, Plaintiffs assert that Defendants have not identified any witnesses to testify that Decedent acted negligently. Thus, Plaintiffs argue that until Defendants present admissible evidence at trial of Decedent's alleged negligence, they should be prohibited from arguing that Decedent acted negligently.

The City did not object to Plaintiffs' request. However, Defendant Lloyd objected and argued that there is evidence that Decedent was contributorily negligent. Indeed, Defendant Lloyd asserts that in his deposition he testified that he believes he had a green light at the time of the incident, and does not know why Decedent attempted to turn when she did.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury . . .." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial

4

if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not unfairly prejudicial merely because it damages a party's case." *Leon v. FedEx Ground Package System, Inc.*, 313 F.R.D. 615, 622 (D.N.M. 2016) (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (emphasis in original) (quotation and citation omitted). However, Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2002) (quotation and citation omitted).

Upon consideration, the Court finds that evidence regarding Decedent's contributory negligence, such as Defendant Lloyd's testimony regarding his observations and beliefs as he was entering the intersection, is relevant to his comparative negligence defense. Moreover, the Court finds that the probative value of permitting argument and evidence of Decedent's purported negligence, is not substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.

Accordingly, Plaintiffs' Motion on this point is **DENIED**.

## II.   Evidence/Argument regarding Plaintiffs' Motivation to Obtain a Windfall or Secondary Gain.

Plaintiffs seek to exclude testimony, evidence, or argument regarding their motivation for asserting their claims against Defendants, such as Plaintiffs seeking a windfall or

secondary gain, or money not being able to bring back Decedent. Defendants do not object to Plaintiffs' request.

Accordingly, Plaintiffs' Motion on this point is **GRANTED**.

## III.    Evidence/Argument regarding Defendant Lloyd's Criminal Charges, Guilty Plea, Conviction, or Sentence, and Related Sympathy Evidence.

Plaintiffs seek to exclude testimony, evidence, or argument regarding Defendant Lloyd's criminal charges, guilty plea, or sentence in *State of Oklahoma v. Kyle Ray Lloyd*, Case No. CF-2020-11 (Cleveland Cnty. Dist. Ct., Okla. Jan. 2, 2020) ("Criminal Matter"), and his feelings of remorse or other personal consequences. Specifically, Plaintiffs request Defendants be prohibited from arguing to the jury that Defendant Lloyd has already been sufficiently punished because he received an "18-year sentence" for the accident and "suffered enough." Plaintiffs allege that evidence and arguments relating to Defendant Lloyd's Criminal Matter and sentencing should be excluded because they are irrelevant and unduly prejudicial.

The City did not object to Plaintiffs' request that Defendants be precluded from proffering evidence, testimony, and argument of Defendant Lloyd's guilty plea in the Criminal Matter for the purpose of advancing emotional pleas to the jury. However, the City does object to Plaintiffs' request for a blanket exclusion of all evidence and argument regarding Defendant Lloyd's guilty plea. The City asserts that the submission of argument and evidence of Defendant Lloyd's guilty plea to the jury is relevant and not unduly

prejudicial because it directly pertains to its defense that the "egregiousness" of Defendant Lloyd's conduct "took him outside the scope of his employment."[1]

Additionally, Defendant Lloyd objects to Plaintiffs' request to the extent the jury finds that an award of punitive damages is warranted. Indeed, he argues that evidence and argument regarding his Criminal Matter should be permitted at the second stage regarding punitive damages, as such is relevant to his financial status/ability to pay a judgment.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury . . .." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not unfairly prejudicial merely because it damages a party's case." *Leon*, 313 F.R.D. at 622 (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Caraway*, 534 F.3d at 1301 (emphasis in original) (quotation and citation omitted). However,

---

[1] The City also argues that Plaintiffs conceded the admissibility of Defendant Lloyd's guilty plea, as they listed the hearing transcript from the sentencing in the Criminal Matter as an exhibit in the final pretrial report [Doc. Nos. 165, 167]. However, for the reasons outlined in the Court's order dated September 2, 2025, the Court rejected the parties' final pretrial report. [Doc. No. 180]. In the parties' amended final pretrial report [Doc. No. 182], it does not appear that Plaintiffs included the transcript as an exhibit. Thus, the Court finds that the City's argument on this point is moot.

Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274 (citation and quotation omitted).

Under the GTCA, "a political subdivision shall not be liable under the provisions of [the GTCA] for any act or omission of an employee acting outside the scope of the employee's employment." Okla. Stat. tit. 51. § 153(A). The GTCA defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud." *Id.* § 152(13).

The Court finds that evidence of Defendant Lloyd's guilty plea in the Criminal Matter is relevant, and its probative value is not substantially outweighed by its prejudicial effect. Indeed, Defendant Lloyd's guilty plea is relevant to whether he was acting in the course and scope of his employment at the time of the incident, and can be used to impeach his credibility if he testifies at trial under Fed. R. Evid. 609. Moreover, the Court finds unpersuasive Plaintiffs' argument that the evidence of Defendant Lloyd's guilty plea should be excluded because they will be unduly prejudiced as it will "engender sympathy" from the jury for Defendant Lloyd. Indeed, Defendants did not object to Plaintiffs' request to prohibit Defendants from using the evidence of the Criminal Matter to make pleas of sympathy to the jury during the liability and compensatory damages phase of the trial.

Accordingly, Plaintiffs' Motion on this point is **GRANTED IN PART**, **DENIED IN PART**, and **RESERVED IN PART**. Plaintiffs' request that the parties be prohibited from presenting evidence, argument, and testimony regarding Defendant Lloyd's Criminal Matter to advance pleas of sympathy to the jury, excluding stage two regarding punitive damages, is **GRANTED**. Plaintiffs' request that parties be prohibited from presenting all evidence, testimony, or argument regarding Defendant Lloyd's guilty plea in the Criminal Matter is **DENIED**. Plaintiffs' request that the parties be prohibited from presenting all evidence, argument, and testimony regarding Defendant Lloyd's Criminal Matter during stage two regarding punitive damages is **RESERVED**.

## Defendant City's Motion in Limine [Doc. No. 158]

### I.    References to Mr. Lloyd as "Officer" or "Sergeant."

The City seeks to exclude reference to Defendant Lloyd as "Officer Lloyd" and "Sergeant Lloyd." The City argues that Defendant Lloyd should not be referred to as an officer or sergeant during the trial because it would be unduly prejudicial as it would mislead the jury to believe that he is still employed/affiliated with the City.

Plaintiffs and Defendant Lloyd object to the City's request. They argue that references to Defendant Lloyd as an officer or sergeant are relevant because he was an officer at the time of the accident, and the jury will be tasked with determining whether he was acting within the course and scope of his employment at the time of the accident. Moreover, they argue that references to him as an officer are not unduly prejudicial and will not mislead the jury, as Defendant Lloyd's current employment status can be addressed through examining witnesses.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice . . . [or] misleading the jury . . .." Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274 (citation and quotation omitted).

The Court finds that reference to Defendant Lloyd as "Officer Lloyd" or "Sergeant Lloyd" is relevant to Plaintiffs' claims. Moreover, the Court finds that the probative value of referring to Defendant Lloyd as an officer or sergeant is not substantially outweighed by its prejudicial effect. Furthermore, to the extent referring to Defendant Lloyd as officer or sergeant causes the jurors confusion, the Court is confident that the parties can provide the jury with clarity through their examination of witnesses about the status of Defendant Lloyd's employment.

Accordingly, the City's Motion on this point is **DENIED**.

## II. Photos of Decedent at the Scene of the Accident and Autopsy Photos of Decedent.

The City seeks to prohibit Plaintiffs from presenting photographs of Decedent that depict her at the scene of the accident, that are contained in her post-accident medical records, and that are in the Medical Examiner's report.[2] The City argues that these photographs should not be permitted to be presented to the jury because they have little to no relevance

---

[2] Specifically, the City identifies the following records as the photographs it seeks to prevent Plaintiffs from using at trial: 1. GAINES 000008-000009, 2. GAINES 000583-000601, 3. GAINES 000946, and 4. Decedent's medical records with a date of service of December 14, 2019.

as causation has been admitted, and the little relevance they do have is substantially outweighed by their prejudicial effect due to their graphic depictions.[3]

Plaintiffs object to the City's blanket request to prohibit them from using the photographs at issue during trial. Plaintiffs argue that the photographs are relevant to their § 1983 claim against Defendant Lloyd as they pertain to the egregiousness of his conduct and are relevant to their wrongful death claim as they pertain to Decedent's pain and suffering. Moreover, Plaintiffs argue that any prejudicial effect caused by showing the photographs to the jury does not substantially outweigh the images' probative value. However, Plaintiffs concede that they are not opposed to the Court imposing reasonable measures (such as "limiting the number of images, using technological means to present [the photos] briefly, or in black-and-white, etc.) to mitigate [the photographs] emotional impact."

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not

---

[3] The City further argues that, to the extent the Court finds the photographs relevant to Decedent's pain and suffering, such "photographs should only be displayed at the second stage of the trial when determining damages." However, neither the City nor any other party in this matter has requested the trial be bifurcated into a liability phase and a damages phase. Thus, the Court finds the City's argument regarding the timing of presentation unpersuasive.

unfairly prejudicial merely because it damages a party's case." *Leon*, 313 F.R.D. at 622 (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Caraway*, 534 F.3d at 1301 (emphasis in original) (quotation and citation omitted). However, Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274 (quotation and citation omitted).

Neither the City nor any other party provided the Court with a copy of the photographs at issue to review in determining their admissibility. Thus, the Court cannot determine in the abstract whether the images are relevant, irrelevant, or unduly prejudicial.

However, without having the benefit of viewing the photographs, the Court gleans from the parties' arguments and descriptions of the images that the photographs are likely relevant to Plaintiffs' § 1983 claim against Defendant Lloyd, and relevant as to the extent of Decedent's pain and suffering.  Further, the Court believes that any issues of prejudice can be mitigated by limiting the number of photographs, lessening the graphic nature of the images by showing them in black and white, or other limitations as appropriate. Accordingly, the parties are ordered to meet and confer in an attempt to reach an agreement regarding the use of such photographs at trial. The parties shall file a joint status report regarding their progress on this issue on or before March 2, 2026.

Accordingly, the Court **RESERVES** ruling on this issue.

<u>**Defendant Mr. Lloyd's Motion in Limine [Doc. No. 163]**</u>

**I.    Evidence relating to His Prior Acts— Driving History and Disciplinary Actions.**

    **a.  Defendant Lloyd's Driving History**

Defendant Lloyd seeks to prohibit the parties from presenting evidence, testimony, and argument regarding his driving history. Specifically, Defendant Lloyd requests that Officer Dave Roberts be prohibited from testifying about a traffic stop that he conducted several years prior to the accident, when he caught Defendant Lloyd speeding through the same intersection at issue here, while Defendant Lloyd was off-duty and in his personal vehicle. Defendant Lloyd asserts that evidence and testimony regarding his prior speeding and the resulting traffic stop should be excluded because it is not relevant, would be unduly prejudicial, and would constitute impermissible character evidence under Fed. R. Evid. 404.

The City did not object to his request. However, Plaintiffs objected to his request. Plaintiffs argue that Defendant Lloyd's prior speeding incident should not be excluded because it is relevant and is not improper character evidence as it would be used to prove his motive, intent, knowledge, absence of mistake, or lack of accident, as permitted under Fed. R. Evid. 404(b)(2). Indeed, Plaintiffs argue that the prior speeding incident shows "a pattern of reckless driving on non-emergency police business . . .." Moreover, Plaintiffs argue that the prior speeding incident shows Defendant Lloyd's "awareness of the speed limit, road condition, and intersections, as well as [his] knowledge of the risks inherent in his decision to speed" on the date of the accident. Furthermore, they argue that the prior speeding incident also shows Defendant Lloyd's "motive" and "intent" for speeding. Plaintiffs specifically argue the prior speeding incident demonstrates that "Moore officers (including Lloyd) could

'speed . . . without consequences,'" as he did not receive a ticket or any other reprimand. Further, Plaintiffs argue that the evidence's probative value is not substantially outweighed by its prejudicial effect. Additionally, Plaintiffs argue that Defendant Lloyd's prior speeding incident is admissible habit evidence under Fed. R. Evid. 406.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury . . .." Fed. R. Evid. 403. However, Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274 (quotation and citation omitted).

Moreover, under Fed. R. Evid. 404(b) evidence of a "crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if it is requested. *United States*

*v. Tennison*, 13 F.4th 1049, 1055 (10th Cir. 2021) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Furthermore, under Rule 406, "[e]vidence of a person's habit ... may be admitted to prove that on a particular occasion the person ... acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "Habit is defined as one's regular practice of meeting a particular kind of situation with a specific type of conduct." *United States v. Morris*, 41 F. App'x 160, 164-65 (10th Cir. 2002) (unpublished) (quotation and citation omitted).

Upon consideration, the Court finds that evidence of Defendant Lloyd's prior speeding incident has very little if any probative value here, particularly since he has admitted to speeding at the time of the incident. Moreover, the Court finds that Plaintiffs' purported use of Defendant Lloyd's prior speeding incident would constitute improper character evidence under Fed. R. Evid. 404. Plaintiffs asserted that a purpose for using evidence of the prior speeding incident is to show "a pattern of reckless driving on non-emergency police business." Stated otherwise, Plaintiffs want to show that Defendant Lloyd had a propensity to drive recklessly on non-emergency business, because he had done so on one other prior occasion. This is precisely the type of propensity evidence Rule 404 prohibits.

Moreover, at this time, the Court finds unpersuasive Plaintiffs' argument that their use of the prior speeding incident comes within the exceptions of Rule 404(b). Indeed, there is no evidence in the record before the Court that Defendant Lloyd is disputing his knowledge of the speed limit, road conditions, or intersection. Furthermore, the prior speeding incident was from years prior and did not result in a motor vehicle collision, so it is unclear to the Court how it would make Defendant Lloyd's "knowledge of the risks inherent [in] his

decision to speed" more probable. Additionally, it is also unclear how an Oklahoma City police officer's failure to issue Defendant Lloyd a ticket for the prior speeding incident would demonstrate the Moore Police Department's "tacit approval" of Defendant Lloyd's driving, and thus, motivate him to "speed without consequence."

The Court further finds that the prior speeding incident is not admissible as habit evidence under Rule 406. One prior event does not demonstrate a regular practice. Thus, it is insufficient to establish that Defendant Lloyd had a "habit" of speeding.

Accordingly, Defendant Lloyd's Motion as to this point is **GRANTED**.

### b. Defendant Lloyd's Disciplinary Reprimand.

Defendant Lloyd seeks to prohibit the parties from presenting evidence or argument regarding his request that a reprimand he received while he was employed as an officer for "horseplay" in 2011 be removed from his disciplinary file two days after the accident involving Ms. Gaines. Defendant Lloyd argues that such evidence and argument should be excluded because it is not relevant, would be unduly prejudicial, and would constitute impermissible character evidence under Fed. R. Evid. 404.

The City did not object to Defendant Lloyd's request. However, Plaintiffs objected. Plaintiffs argue that evidence regarding Defendant Lloyd's request for the police department to remove his reprimand should be permitted because it is relevant, does not constitute improper character evidence under Fed. R. Evid. 404, and is not unduly prejudicial. Specifically, Plaintiffs argue that Defendant Lloyd's deposition testimony that he sought removal of the reprimand because he "didn't want any embarrassment to be on the City" is probative of whether he was acting in the course and scope of his employment at the time of

16

the incident. Plaintiffs further argue that the expungement of his disciplinary record is not improper character evidence because it is not used to show that he had a propensity to do bad acts. Rather, Plaintiffs argue that they will use Defendant Lloyd's request that his reprimand be removed to show his knowledge and belief that he was in the course and scope of his employment at the time of the incident, as he wanted to minimize the negative media attention the City might receive from the accident. Further, Plaintiffs argue that any prejudicial effect to Defendant Lloyd can be minimized by Plaintiffs not delving into the contents of the reprimand he had removed, and focusing on his request for the removal and his reasoning for it.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury. . .." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not unfairly prejudicial merely because it damages a party's case." *Leon*, 313 F.R.D. at 622 (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Caraway*, 534 F.3d at 1301 (emphasis in original) (quotation and citation omitted). However, Rule 403 favors admissibility, and the Court should "give the evidence its maximum

reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274 (quotation and citation omitted).

Moreover, under Fed. R. Evid. 404(b) evidence of a "crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if it is requested. *Tennison*, 13 F.4th at 1055 (citing *Huddleston*, 485 U.S. at 691-92).

The Court finds that evidence regarding Defendant Lloyd's request that the reprimand be removed from his disciplinary file two days after the incident to minimize the City's negative media attention is relevant to the determination of whether he was acting in the course and scope of his employment at the time of the incident. Indeed, the Court finds that Plaintiffs' use of the evidence to prove that Defendant Lloyd knew he was acting in the course and scope of his employment at the time of the incident does not constitute improper character evidence, as it is not being used to prove that he acted in conformity with his prior bad act. Moreover, the Court finds the probative value of the evidence is not substantially outweighed by its prejudicial effect. The Court further finds that if requested by a party, a

limiting instruction to the jury regarding their consideration of the evidence will minimize the purported prejudice caused by the evidence.

Accordingly, Defendant Lloyd's Motion as to this point is **DENIED**.

## II.    Post Accident Evidence

### a.    Responding Officers' Body-Camera and Dash-Camera Videos.

Defendant Lloyd seeks to prohibit parties from presenting as evidence the videos that were recorded on the responding officers' body-cameras and dash-cameras. He argues that the videos should be excluded because they are irrelevant and unduly prejudicial. Specifically, he argues that videos of his post-accident demeanor, such as chewing gum, have no probative value as they are not relevant to any determination of liability or damages and would only be used to prejudice him.

The City did not object to Defendant Lloyd's request. However, Plaintiffs objected. Plaintiffs argue that they should be permitted to use the videos because they are relevant to Defendant Lloyd's "state of mind" and "credibility," and relevant as to punitive damages. Furthermore, Plaintiffs argue that the videos may be used as impeachment evidence.

Neither Defendant Lloyd nor Plaintiffs provided the Court with a copy of the videos to review in determining their admissibility. Moreover, it is unclear what the videos depict based on the parties' limited descriptions. Thus, the Court cannot determine in the abstract whether the videos are relevant, irrelevant, or unduly prejudicial.

Therefore, on or before March 2, 2026, Defendant Lloyd shall submit to the Court the videos at issue for review.

Accordingly, the Court **RESERVES** ruling on this issue.

**b. Photos of Decedent at the Scene of the Accident and Autopsy Photos of Decedent.**

Defendant Lloyd also seeks to prohibit Plaintiffs from presenting the same images that the City seeks to prohibit Plaintiffs from presenting and asserts the same arguments as the City in its Motion in Limine II, which is addressed *supra*. Plaintiffs object to Defendant Lloyd's request and assert the same arguments that they assert in response to the City's Motion in Limine II, as addressed *supra.*

The Court adopts and incorporates its reasoning and conclusions here.

Accordingly, the Court **RESERVES** ruling on this issue.

## CONCLUSION

For the reasons outlined above, Plaintiffs' Motion in Limine [Doc. No. 154] is **GRANTED in part**, **RESERVED in part**, and **DENIED in part**; Defendant City's Motion in Limine [Doc. No. 158] is **RESERVED in part** and **DENIED in part**; and Defendant Lloyd's Motion in Limine [Doc. No. 163] is **GRANTED in part**, **RESERVED in part**, and **DENIED in part**. In summary, the Court **ORDERS**:

1. Plaintiffs' Motion in Limine No. I [Doc. No. 154] is **DENIED**.

2. Plaintiffs' Motion in Limine No. II [Doc. No.154] is **GRANTED**.

3. Plaintiffs' Motion in Limine No. III [Doc. No. 154] is **GRANTED in part**, **DENIED in part**, **and RESERVED in part.**

1. Defendant City's Motion in Limine No. I [Doc. No. 158] is **DENIED**.

2. Defendant City's Motion in Limine No. II [Doc. No. 158] is **RESERVED**.

1.      Defendant Lloyd's Motion in Limine No. I [Doc. No. 163] is **GRANTED in part** and **DENIED in part**.

2.      Defendant Lloyd's Motion in Limine No. II [Doc. No. 163] is **RESERVED**.

**IT IS SO ORDERED** this 2nd day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge