IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual capacity )
and as personal representative of the Estate )
of EMILY GAINES, *et al.*, )
       )
       Plaintiffs, )     Case No. CIV-20-851-D
       )
v. )
       )
CITY OF MOORE, *et al.*, )
       )
       Defendants. )

## ORDER

Before the Court is Plaintiffs' Motion for Live, Attorney-Conducted Voir Dire [Doc. No. 159]. Defendants did not file a response and the time to do so has expired. Accordingly, the matter is fully briefed and at issue.

Plaintiffs request that the Court allow the parties' attorneys to conduct voir dire at trial, rather than the Court. *Id.* In the alternative, Plaintiffs request that the Court use their proposed voir dire questions at trial. [Doc. No. 159-1].

Plaintiffs assert that counsel-led voir dire is warranted to "best ensure jurors reveal biases and preconceptions." [Doc. No. 159, at p. 1]. Plaintiffs argue that the extent of pretrial publicity concerning the incident, as well as Defendant Lloyd's guilty plea and sentencing, coupled with Defendant Lloyd's status as a police officer, warrants permitting counsel to conduct voir dire. Specifically, Plaintiffs assert that "[o]nly attorney-led questioning will likely elicit full candor on these potential sensitive points." *Id.* at p. 4.

1

"The conduct of voir dire is within the sound discretion of the trial judge." *U.S. v. Berryhill*, 880 F.2d 275, 278 (10th Cir. 1989). Rule 47(a) of the Federal Rules of Civil Procedure governs voir dire. Fed. R. Civ. P. 47(a). Rule 47(a) provides that "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper." *Id*. "The federal trial judge retains broad discretion under Rule 47(a) to control the scope and extent of voir dire." *Flaming v. Colorado Springs Props. Funds I*, 98 F. App'x 796, 799 (10th Cir. 2004) (unpublished) (citation omitted).

The Court finds that attorney-led voir dire is not warranted here. The Court is confident that its voir dire of the jurors will be fair and will sufficiently ensure that the jurors are competent to serve and are impartial. *See generally Berryhill*, 880 F.2d at 278.

The Court routinely includes some of the requested voir dire questions submitted by parties, if the Court deems such questions to be proper. The Court reserves its consideration of the use of any of Plaintiffs' proposed voir dire questions [Doc. No. 159-1] until the time of jury selection.

### CONCLUSION

For the reasons stated herein, Plaintiffs' Motion [Doc. No. 159] is **DENIED IN PART** and **RESERVED IN PART**.

**IT IS SO ORDERED** this 18th day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge