# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual capacity  )
and as personal representative of the  )
Estate of EMILY GAINES, *et al*.,  )
                  )
      Plaintiffs,  )     Case No. CIV-20-851-D
                  )
v.  )
                  )
CITY OF MOORE, *et al*.,  )
                  )
      Defendants.  )

## ORDER

In the Court's Order on the parties' motions in limine, the Court reserved ruling on Defendants' motions in limine regarding the use of post-mortem photographs of the Decedent at trial. [Doc. No. 235]. The Court directed the parties to meet and confer regarding the use of such images at trial and file a status report regarding the meet and confer. *Id*. On March 2, 2026, the parties filed their joint status report informing the Court that the parties were able to reach a partial agreement. [Doc. No. 240]. Specifically, the parties agreed that only three post-mortem photographs will be used at trial. *Id*. However, the parties could not agree as to whether those photographs should be presented to the jury in color or black-and-white. *Id.*

Plaintiffs argue that they should be permitted to present the photographs to the jury in color, because they "contain minimal to no blood." *Id*. at p. 2. Plaintiffs further assert that "they do not intend to repeatedly inundate the jury with these photographs; rather, [they] anticipate displaying them only briefly at various points during the trial." *Id*. at p. 2.

1

Defendants argue that the images should be presented in black-and-white, because showing them to the jury in color would be unduly prejudicial. *Id.* The parties submitted the images under seal in color and in black-and-white for the Court to view. [Doc. Nos. 242, 243].

A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not unfairly prejudicial merely because it damages a party's case." *Leon v. FedEx Ground Package Sys., Inc.*, 313 F.R.D. 615, 622 (D.N.M. 2016) (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (emphasis in original) (quotation and citation omitted). However, Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (quotation and citation omitted).

Gruesome images are not per se inadmissible. *See Stella v. Davis Cnty.*, 591 F. Supp. 3d 1073, 1076 (D. Utah 2022). Indeed, "'gruesomeness alone does not make photographs inadmissible.'" *Id.* (quoting *United States v. Naranjo*, 710 F.2d 1465, 1468 (10th Cir. 2000)). "Rather, photographs must be 'flagrantly or deliberately gruesome depictions' with little probative value in order for them to be inadmissible." *Id.* (quoting *Naranjo*, 710 F.2d at 1469).

Upon consideration, the Court finds that any prejudicial effect from presenting the images in color does not substantially outweigh their probative value. Indeed, the colored images are relevant as to the extent of Decedent's pain and suffering. Furthermore, although the images graphically depict Decedent following the accident, they depict minimal blood and no gaping wounds. Thus, although the photographs "have the potential to cause emotional reactions, they are ultimately more probative than prejudicial." *Leon v. FedEx Ground Package Sys.*, CIV 13-1005 JB/SCY, 2016 WL 836978, at * (D.N.M. 2016) (denying the defendant's request that the plaintiff be prohibited from presenting gruesome images of the decedent following a car accident that resulted in the decedent's death). Accordingly, Defendants' request that the Court limit Plaintiffs' use of the post-mortem photos to the black-and-white versions is **DENIED**.

**IT IS SO ORDERED** this 24th day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

3