## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual capacity )
and as Personal Representative of the )
Estate of Emily Gaines, *et al.*, )
                              )
      Plaintiffs, )      Case No. CIV-20-851-D
                              )
v. )
                              )
CITY OF MOORE, a municipal )
corporation, *et al.*, )
                              )
      Defendants. )

## VERDICT FORM

We, the jury empaneled and sworn in the above-entitled cause, upon our oaths, find

unanimously as follows: **[For each question below, place an "X" in the box which**

**reflects your finding.]**

### NEGLIGENCE CLAIM

**[For question #1 answer <u>only</u> either Option A or Option B.]**

   1. With respect to Plaintiffs' claim for negligence against Defendant Kyle Lloyd, we

find, by the greater weight of the evidence:

<u>A. Option A:</u>



In favor of Plaintiffs and against Defendant Kyle Lloyd

or

_____      In favor of Defendant Kyle Lloyd.

**-OR-**

1

<u>B. Option B:</u>

X         i. Negligence of Defendant Kyle Lloyd:         100 %

___         ii. Contributory negligence of Emily Gaines:         0 %

(i. and ii. must total 100%)

TOTAL         100 %

2

## VICARIOUS LIABILITY CLAIM/SCOPE OF EMPLOYMENT

**[Answer question #2 <u>only</u> if you have found either in favor of Plaintiffs on question #1-Option A or found Emily Gaines was 50% or less contributorily negligent on question #1-Option B.]**

If you find that Defendant Kyle Lloyd was acting within the scope of his employment with Defendant City of Moore at the time of the automobile crash, then Defendant City of Moore is liable for Defendant Kyle Lloyd's negligence. If you find that Defendant Kyle Lloyd was not acting within the scope of his employment with Defendant City of Moore at the time of the automobile crash, then Defendant City of Moore is not liable for Defendant Kyle Lloyd's negligence.

2. We find by the greater weight of the evidence that:

     **X**     Defendant Kyle Lloyd was acting within the scope of his employment with Defendant City of Moore.

or

     _____     Defendant Kyle Lloyd was not acting within the scope of his employment with Defendant City of Moore.

**[Answer question #3 only if you have found in favor of Plaintiffs on question #1 -
Option A or if you found Emily Gaines was 50% or less contributorily negligent on
question #1-Option B.]**

3. Having found in favor of Plaintiffs on their negligence claim, we find the amount

of damages sustained by Plaintiffs, for the recoverable items, if any, as follows:

        a. The grief of the parents of Emily Gaines:        $ _18,000,000_

        b. The loss of companionship of Emily Gaines
          by her parents:        $ _18,000,000_

                    TOTAL        $ _36,000,000_

Note: If you answered Question #1-Option B, the total dollar amount will be reduced by

the judge by the percentages you established in response to Question #1-Option B.

## CIVIL RIGHTS ACT/§ 1983- VIOLATION OF 14TH AMENDMENT CLAIM AGAINST DEFENDANT KYLE LLOYD

4. With respect to Plaintiff the Estate of Emily Gaines' civil rights/§1983 claim that

Defendant Kyle Lloyd violated Emily Gaines' Fourteenth Amendment rights, we find by

the greater weight of the evidence:

        _X_        In favor of Plaintiff the Estate of Emily Gaines and against

                  Defendant Kyle Lloyd.

                  or

        ___        In favor of Defendant Kyle Lloyd.

4

**[Answer question #5 <u>only</u> if you found in favor of Plaintiff the Estate of Emily Gaines on question #4.]**

5.  Having found in favor of Plaintiff the Estate of Emily Gaines on its civil rights/§ 1983 claim, we find the amount of damages for the recoverable items, if any, as follows:

a. The pre-death physical pain and suffering of Emily Gaines: $ 18,000,000

b. The pre-death mental anguish or emotional pain and suffering of Emily Gaines: $ 18,000,000

c. Emily Gaines' loss of companionship: $ 18,000,000

d. Emily Gaines' loss of enjoyment of life: $ 18,000,000

e. Emily Gaines' loss of life: $ 18,000,000

TOTAL $ 90,000,000

5

**[Answer question #6 <u>only</u> if you have found in favor of Plaintiff the Estate of Emily Gaines on question #4.]**

6.  With respect to Plaintiff the Estate of Emily Gaines' civil rights/§ 1983 claim against Defendant Kyle Lloyd, and having found that Emily Gaines' constitutional rights were violated, we further find, by the greater weight of the evidence:

    <u>X</u>         That Defendant Kyle Lloyd <u>did</u> act with reckless and callous indifference to Emily Gaines' constitutional rights.

    or

    <u>    </u>         That Defendant Kyle Lloyd <u>did not</u> act with reckless and callous indifference to Emily Gaines' constitutional rights.

Signed this <u>1st</u> day of April, 2026.

By: _____
                    Foreperson

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRYAN GAINES, in his individual capacity and as Personal Representative of the Estate of Emily Gaines, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. CIV-20-851-D |
| v. | ) ) | |
| CITY OF MOORE, a municipal corporation, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## VERDICT FORM- PUNITIVE DAMAGES – SECOND STAGE

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

**(Select either A or B)**

A. _____     We award Plaintiff the Estate of Emily Gaines

punitive damages in the amount of

$_____ against Defendant

Kyle Lloyd on Plaintiff's Civil Rights Act/§ 1983 claim.


**— OR —**


B. __X__     We do not award Plaintiff the Estate of Emily Gaines

any punitive damages.


04/01/2026
_____
Date

_____
Foreperson