## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual                )
capacity and Personal Representative           )
of the Estate of EMILY GAINES, *et al*.,       )
                                               )
            Plaintiffs,    )
                                               )
v.                                             )     Case No. CIV-20-851-D
                                               )
CITY OF MOORE, a municipal                     )
corporation, *et al*.,                         )
                                               )
            Defendants.    )

## DEFENDANT KYLE LLOYD'S MOTION FOR REMITTITUR

COMES NOW Defendant Kyle Lloyd, by and through his counsel of record, and hereby submits to this Court his Motion for Remittitur, as an alternative to a motion for new trial, pursuant to the Federal Rules of Civil Procedure Rule 59, and based on the excessive damages awarded by the Jury for Plaintiff's Civil Rights Act/§ 1983 Violation of 14th Amendment Claim.

## INTRODUCTION

The Trial of this matter was held on March 30, 2026, to April 1, 2026. After presentation of the evidence, the Jury returned with a verdict awarding Plaintiff $90,000,000 in damages for Plaintiff's claim of a Civil Rights Act/§ 1983 Violation of 14th Amendment Claim against Defendant Kyle Lloyd. This verdict was excessive, clearly the result of passion or prejudice of the Jury, and shocks the conscience of the Court.

1

## <u>AUTHORITY AND ARGUMENT</u>

This Motion is being filed pursuant to Federal Rules of Civil Procedure Rule 59, which allows for a motion for a new trial or a motion to alter or amend the judgment. Defendant specifically requests that this Court alter or amend the judgment of $90,000,000 in damages for the Plaintiff's Civil Rights Act/§ 1983 Violation of 14th Amendment Claim against Kyle Lloyd as this is excessive, was the result of passion or prejudice of the Jury, and shocks the conscience of the Court.

When a "court concludes there was error only in an excessive damage award, but not one also tainting the finding of liability, the appellate court may order a remittitur and alternatively direct a new trial if the plaintiff refuses to accept the remittitur, a widely recognized remedy." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 703 F.2d 1152, 1168 (10th Cir. 1981). When an "award appears to be grossly excessive or is the result of passion, prejudice, or improper sympathy," it will "be held excessive and subject to remittitur." *Elmore v. Doenges Bros. Ford, Inc.*, 2001 OK CIV APP 27, ¶ 5; *LeFlore v. Reflections of Tulsa, Inc.*, 1985 OK 72, ¶ 40.

The *Malandris* Court noted:

> Especially in a case like this involving a claim of outrageous conduct, it is not a jury's duty to set aside, even if it were possible, "all the decencies of human emotion when called upon to decide controversy," although it is their duty "not to allow emotion to overcome fact, not to allow sympathy to overcome reason, not to allow desire for result to overcome justice."

*Id.* at ¶ 12 (quoting *Barnes v. Smith*, 305 F.2d 226, 229 (10th Cir.)). The Court further stated, "We are convinced that the remedy of remittitur is proper and fair, and that ordering a new trial because of the size of the punitive award would be unfair to the plaintiff since we are

2

persuaded that only the size of that award was error requiring relief." *Id*. The Court ultimately reduced a $3,000,000 punitive damage award to $1,000,000. *Id*.

In this matter, the Jury, after being requested by Plaintiff's Counsel in closing arguments, awarded Ms. Gaines $18,000,000 on every element of damages for the Civil Rights Act/§ 1983 Violation of 14th Amendment Claim. This number was not rooted in evidence but rather served as a symbolic gesture toward Ms. Gaines's status as an 18-year-old. The award is grossly excessive and should be reduced by this Court. *Elmore v. Doenges Bros. Ford, Inc.*, 2001 OK CIV APP 27, ¶ 5.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Kyle Lloyd respectfully requests that this Court alter and amend the judgment and reduce the damages awarded against Defendant Kyle Lloyd for the Plaintiff's Civil Rights Act/§ 1983 Violation of 14th Amendment Claim and for all other relief this Court deems just and proper.

Respectfully submitted,

*/s/Chelsi Chaffin Bonano*
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 North Harvey Ave.
Oklahoma City, OK 73102
Telephone:    405-235-9584
Facsimile:    405-235-0051
mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEYS FOR DEFENDANT***
***KYLE LLOYD***

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 4, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the ECF registrants will receive a Notice of Electronic Filing.

_/s/Chelsi Chaffin Bonano_
For the Firm