**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRYAN GAINES, in his individual capacity and Personal Representative of the Estate of EMILY GAINES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-20-851-D |
| CITY OF MOORE, a municipal corporation, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT KYLE LLOYD'S RENEWED**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

COMES NOW Defendant Kyle Lloyd, by and through his counsel of record, hereby submits to this Court his Renewed Motion for Judgment as a Matter of Law for the Civil Rights Act/§ 1983 Violation of 14th Amendment Claim Against Defendant Kyle Lloyd pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Defendant specifically requests that the Court direct the entry of judgment as a matter of law in favor of Defendant Kyle Lloyd.

**AUTHORITY AND ARGUMENT**

**I.     A Proper Finding of Scope of Employment Does Not Equal Color of State Law.**

A determination of *acting under the color of state law* for the purposes of § 1983 liability is distinct and independent of whether the officer was acting within the scope of employment. Federal courts have consistently held that the color of state law inquiry focuses on the ***nature*** of the officer's conduct and whether the officer invoked real or

1

apparent **police authority**, not merely on employment status or duty assignment. "State employment by itself is not conclusive of whether a defendant acts under color of state law; rather, the conduct that forms the basis of the complaint must be related to the defendant's state-conferred authority." *Chavez v. Guerrero*, 465 F.Supp.2d 864, 869 (N.D. Ill. 2006); *Gibson v. City of Chicago*, 910 F.2d 1510, 1517 (7th Cir. 1990); *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). "Whether a defendant acted under color of state law is a **question of law for the court**." *Chavez*, 465 F.Supp.2d at 869 (emphasis added). "Deciding whether a police officer acted under color of state law should turn largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties." *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995).

The Jury correctly found that Kyle Lloyd was acting within the scope of his employment at the time of the collision. He was delivering city property to a city function at the request of another city employee, albeit ill-advisedly, i.e. excessively speeding. The Jury however struggled with the question of whether he was acting under the color of state law. *See* Doc. 253. The determination for § 1983 liability is the *nature* of the act performed. This requires the invocation of the real or apparent power of the police department or performance of the duties prescribed generally for police officers. Any driver, not just police officers, can speed and get in an accident while in the scope of their employment. Plaintiff presented no evidence that *because* Mr. Lloyd was a police officer, he had the power to speed granted to him by the state. Mr. Lloyd, driving his personal vehicle, did not invoke any state authority at the time of the collision. The evidence does not support a

finding of color of state law, which is to be determined by the Court. The Jury's finding was inconsistent with the evidence presented.

## II.    Evidence Does Not Support a Finding of Color of State Law.

As stated, the evidence in this case was that Mr. Lloyd was speeding while driving his personal vehicle. He was performing functions related to his employment; however, he was not performing a ***police-specific function*** to equal a finding that he was acting under the color of state law or pursuant to any authority granted to him by the state.

> A law enforcement officer's official position does not make his or her every action one under color of law, and police officers act under color of law only when they undertake to perform their official duties. Thus, acts committed by law enforcement officers ***are not under color of law unless their conduct is related to their performance of law enforcement duties***.

§ 7:88. Acts of Public Employees—Law Enforcement Officers, 1 Civ. Actions Against State & Loc. Gov't § 7:88 (emphasis added). Courts have found that an officer is acting "under the color of state law when they identified themselves as police officers, carried their badges and guns, and were required by department regulations 'to be always subject to duty.'" *Bladdick v. Pour*, 833 F.Supp.2d 1032, 1037 (S.D. Illinois 2011) (quoting *Greco v. Guss*, 775 F.2d 161, 168 (7th Cir 1985)). Other examples include wearing a uniform and displaying a badge. *United States v. Christian*, 342 F.3d 744, 751 (7th Cir. 2003); *Pickrel v. Springfield, Ill.*, 45 F.3d 1115, 1117 (7th Cir. 1995) (Officer "had parked his marked squad car outside the restaurant … He was wearing his Springfield police uniform, complete with badge and gun," finding that Plaintiff had adequately alleged the officer was acting under color of state law).

Alternatively, an off-duty police officer who shoots a citizen, without ever identifying himself as a police officer is not acting under the color of state law. *Claudio v. Sawyer*, 675 F.Supp.2d 403, 409 (S.D. N.Y. 2009). In fact, even "the mere use of a department-issued weapon is not sufficient to hold that an off-duty officer was acting under the color of law without more indicia of authority." *Id*. at 409-410; *Barna v. City of Perth Amboy*, 42 F.3d 809 (3rd Cir. 1994).

> A police officer did not act under color of state law when he gained access to a woman's apartment on the pretense of discussing police business, made sexual comments and advances toward her, left at her request, and then burst open the door and raped her. Although the initial entry into the woman's apartment was probably conducted under the color of state law, he voluntarily left the apartment and his reentry by forcibly breaking in was a private act which was ***not accomplished because of his status as a police officer***.

§ 7:88. Acts of Public Employees—Law Enforcement Officers, 1 Civ. Actions Against State & Loc. Gov't § 7:88; *Almand v. Dekalb County, Ga.*, 103 F.3d 1510, 36 Fed. R. Serv. 3d 970 (11th Cir. 1997) (emphasis added). The use of power possessed by virtue of state law, and ***made possible only because the officer is clothed with the authority of the state law***, is action taken under color of state law. Mr. Lloyd's speed and transportation of a city key were not specific to any authority granted to him by the state as a police officer. ***Any employee*** can deliver property for an employer, speed, and get in an accident.

Specific to speeding and collision scenarios, Courts examine whether the officer invoked police authority at the time of the accident. The critical question is whether the officer, in connection with the collision, purported to exercise official authority or performed police functions. An example of an officer speeding was found in the *Browder*

*v. City of Albuquerque* case, which involved a police officer speeding while *in his police cruiser and utilizing emergency lights*, a completely different set of facts than the present case. *Browder v. City of Albuquerque*, 787 F.3d 1076, 1077 (10th Cir. 2015). The *Browder* case, at the time of the collision, involved a police officer abusing the authority granted to him by the state, the misuse of his police car and emergency lights. A further example can be found in the Supreme Court's decision in *County of Sacramento v. Lewis*, which also involved a high-speed police chase in a police cruiser with activated emergency lights. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1710 (U.S. 1998). In a distinguishable case, an officer in an unmarked patrol vehicle who attempted a stop while exceeding speeds of 100 mph did not violate the 14th Amendment. *White v. Polk County*, 207 Fed.Appx. 977, 978, 2006 WL 3419583 (11th Cir. 2006). In each case, however, the police officer was using authority granted to him by the state, including the officer in *White* who was attempting a traffic stop while in an unmarked patrol vehicle. Color of state law in each case was presumed, as the state had clearly provided the vehicles, the emergency lights, and the authority to stop a vehicle.

The facts of this case were very clear. Mr. Lloyd, in a personal vehicle, speeding through an intersection to deliver city property for his employer, cannot, as a matter of law, be found to have violated the civil rights of Ms. Gaines. Mr. Lloyd's conduct was not specific to being a police officer. In fact, his conduct was no different than that of an employed delivery driver or commercial truck driver. If a commercial truck driver sped and got in a fatality accident, he would not be liable for a civil rights violation (but would clearly be in the scope of his employment). Thus is the case here. This would be an entirely

different matter if Mr. Lloyd had been in the process of effecting a traffic stop or initiating an arrest, i.e. using authority given to him by the state. Instead, the evidence presented in this case was that Mr. Lloyd sped through an intersection in an effort to quickly deliver a key to his fellow city officer in need. In fact, the exact evidence was that Mr. Lloyd ***was not granted the authority*** to speed through the intersection in his personal vehicle. He was not engaged in any police-specific functions, i.e. not effecting a stop, conducting a search, making an arrest, etc. As such, he was not invoking any authority granted to him by the state and cannot be found to have been acting under the color of state law for the purposes of a civil rights violation. This is a question for the Court to determine. *Chavez*, *supra*. The Jury's finding was simply inconsistent with the evidence presented. As a matter of law, judgment must be granted to Mr. Lloyd.

## III.   Conclusion

In summary, a finding of scope of employment and color of state law are separate and distinct from one another. Scope of employment is conduct in furtherance of the employer's purposes, such as getting city property to a city function so that it could proceed. Color of state law is the ***invocation*** of state authority. There was no evidence presented that Mr. Lloyd invoked any state authority to speed. Rather the evidence that was presented was that he ***lacked*** the state authority to speed. As such, Kyle Lloyd is entitled to Judgment as a Matter of Law on Plaintiff's Civil Rights and § 1983 Violation of 14th Amendment Claim. Defendant specifically requests that the Court direct the entry of judgment as a matter of law in favor of Defendant Kyle Lloyd and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/Chelsi Chaffin Bonano*
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 North Harvey Ave.
Oklahoma City, OK 73102
Telephone:    405-235-9584
Facsimile:    405-235-0051
mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEYS FOR DEFENDANT***
***KYLE LLOYD***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the ECF registrants will receive a Notice of Electronic Filing.

<u>*/s/Chelsi Chaffin Bonano*</u>
For the Firm

8