IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual )
capacity and Personal Representative )
of the Estate of EMILY GAINES, *et al.*, )
)
        Plaintiffs, )
)
v. )     Case No. CIV-20-851-D
)
CITY OF MOORE, a municipal )
corporation, *et al.*, )
)
        Defendants. )

**DEFENDANT KYLE LLOYD'S APPLICATION FOR INDEMNIFICATION**

COMES NOW Defendant Kyle Lloyd, by and through his counsel of record, and hereby submits to this Court his Application for Indemnification pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 162. Kyle Lloyd was a police officer with the City of Moore. The Jury found Kyle Lloyd to have been in the scope of his employment at the time of the collision. As such, Kyle Lloyd is entitled to indemnification from the City of Moore for the damages awarded against him for the Plaintiff's Civil Rights Act and § 1983 Violation of 14th Amendment Claim.

**AUTHORITY AND ARGUMENT**

The Oklahoma Governmental Tort Claims Act specifically provides:

The state or any political subdivision … shall:
1. Provide a defense for any employee as defined in Section 152 of this title when liability is sought for any violation of … any rights, privileges, or immunities secured by the Constitution or laws of the United States when alleged to have been committed by the employee while acting within the scope of employment;

1

2. Pay or cause to be paid any judgment entered in the courts of the United States, the State of Oklahoma or any other state against any employee … and any costs or fees, for a violation of … any rights, privileges or immunities secured by the Constitution or laws of the United States which occurred while the employee was acting within the scope of employment; and
3. For any cause of action filed against an employee on or after January 1, 1990, post or cause to be posted any supersedeas or other bond ordered by the court.

51 O.S. § 162(A). "Actions to determine entitlement to indemnification shall be tried to the court, sitting without a jury." 51 O.S. § 162(B)(1). The statute lays out a six-factor test for the Court to consider in granting indemnification. The statute states:

> In order to recover indemnification from the state or political subdivision pursuant to this subsection, ***the court shall determine by a preponderance of the evidence*** that:
> a. the employee reasonably cooperated in good faith in the defense of the action upon which the judgment or settlement was awarded and for which indemnification is sought;
> b. the actions or omissions upon which such judgment or settlement has been rendered were not the result of fraudulent conduct or corruption by the employee;
> c. the employee, in committing the acts or omissions upon which a judgment or settlement has been rendered was acting in good faith <u>and</u> within any applicable written administrative policies known to the employee at the time of the omissions or acts alleged;
> d. the employee was acting within the scope of employment at the time of the acts or omissions upon which a judgment or settlement has been rendered were committed by the employee;
> e. the acts or omissions of the employee upon which a judgment or settlement has been rendered were not motivated by invidious discriminatory animus directed toward race, sex, or national origin; and
> f. when punitive or exemplary are included in the total award rendered against the employee of a political subdivision, the indemnification amount sought for fees and costs does not include amounts attributable to the employee's defense against the punitive or exemplary damages in accordance with subsection D of this section.

51 O.S. § 162(B)(4) (emphasis added).

2

For the purposes of efficiency, Defendant will not belabor subsections (a) or (b). The City of Moore did not provide Officer Lloyd with a defense and, in fact, requested the Court declare him a hostile witness at trial. Simply put, based on the City's course and scope of employment position, there was no joint defense to cooperate with. Further, there was no evidence presented whatsoever that Kyle Lloyd was engaged in any fraudulent conduct or corruption.

Defendant will also quickly dispose of subsections (e) and (f) here, as there was also no evidence that the acts of Kyle Lloyd were motivated for any invidious discriminatory animus directed toward race, sex, or national origin. Moreover, punitive damages were not awarded.

Subsection (d), scope of employment, was definitively determined by the Jury. The case law clearly lays out that even in situations where an officer uses excessive force or has a physical altercation with a suspect does not automatically take him out of a finding of acting in good faith and within the scope of employment. Purely hypothetically, even if it were found that *particular* acts had been committed in bad faith, this would not preclude the finding of Mr. Lloyd acting within the scope of employment. *Lampkin v. Little*, 286 F.3d 1206, 1213 (10th Cir. 2002) ("we find that the rule of *DeCorte* applies, and a finding that Little committed particular acts in bad faith would not preclude a finding that he acted within the scope of his employment."). "A finding that an officer 'at some time during the episode … went beyond the bounds of good faith … is not necessarily inconsistent with' a finding that the officer acted within the scope of his employment." *Id*. (quoting *DeCorte v. Robinson*, 969 P.2d 358, 362 (OK 1998)). The Oklahoma Supreme Court held in *DeCorte*

that a jury's award of punitive damages against an officer was not inconsistent with the officer acting in good faith scope of employment, even if at times that conduct went beyond the scope of employment when the officer used excessive force in subduing a suspect. *DeCorte v. Robinson*, 1998 OK 87, ¶ 14, 969 P.2d 358. The Oklahoma Supreme Court declined to disturb the jury's finding that the officer was in scope of employment and found the award of punitive damages against the officer was not inconsistent with that finding of scope of employment. *Id.* at ¶ 15. The case law is very clear that even conduct such as excessive force does not automatically equal a finding of bad faith sufficient to take the employee out of scope of employment.

The evidence has already been presented to the Jury and this Court. The Jury found that Kyle Lloyd was within the scope of his employment at the time of the collision. This Court need not evaluate this any further. *Groseclose v. City of Tulsa*¸ 1998 OK 112, 990 P.2d 828 (holding that the trial court was not required under the GTCA to hold a *new* evidentiary hearing where the issue of scope of employment had already been determined by the jury and further affirmed the jury's finding of scope of employment when off-duty officer confronted a suspect removing items from a warehouse resulting in an altercation). As such, the Court should consider this element decided.

**KYLE LLOYD WAS ACTING IN GOOD FAITH AT THE TIME OF THE COLLISION AND NOT FOR THE PURPOSE OF FRAUD, CORRUPTION, OR PERSONAL GAIN.**

> When faced with an application for indemnification, the court is required to determine by a preponderance of the evidence *and without a jury* whether the employee acted in good faith. The district court did not make such an independent determination here. It relied on jury findings, and it improperly equated objective findings of excessive force and qualified immunity with

the subjective findings of bad faith. We must therefore remand for the court to make a finding based on the evidence.

*Lampkin v. Little*, 286 F.3d 1206, 1212 (10th Cir. 2002) (internal citations removed) (emphasis added) (holding that the district court erred in finding that because the jury found the officer used excessive force, then that meant the officer was not acting in good faith). While the Court is permitted to evaluate the evidence as already presented, the Tenth Circuit has held that the determination of a finding of good faith cannot be based on the jury's findings where the jury was never asked to decide the matter of good faith. *Id.*

The evidence heard by this Court was undisputed that Officer Lloyd was acting in good faith. Officer Lloyd received an urgent phone call from Officer Wagner after Officer Wagner locked both sets of car keys in the patrol vehicle during Shop with a Cop. Doc. 257, Trial Transcript, Vol. II, 198-199. Officer Lloyd testified that he felt the pressure to deliver the key fob to Officer Wagner so that the Shop with a Cop event could proceed for the sake of Officer Wagner, the police department, the city, and the children participating in the event. Doc. 257, Trial Transcript, Vol. II, 200:2-22. Officer Lloyd's sole purpose was to deliver the key fob to his fellow officer so that the community outreach event could proceed unimpeded. Doc. 257, Trial Transcript, Vol. II, 235-236.

Officer Lloyd had no intent to harm anyone. Doc. 257, Trial Transcript, Vol. II, 236:2-4. He was not attempting to commit any fraudulent conduct. Doc. 257, Trial Transcript, Vol. II, 236:5-6. He was not attempting to engage in any type of corruption. Doc. 257, Trial Transcript, Vol. II, 236:7-8. There was simply no evidence whatsoever that Officer Lloyd was acting in anything less than a good faith belief that delivering the key

5

fob (City property) was imperative for his fellow officer, his employer, and the children participating in the event. This Court heard ample evidence to support by a preponderance of the evidence that Kyle Lloyd was acting in good faith and not with any ill will, malice, or bad faith.

It is anticipated that the City of Moore will argue that Kyle Lloyd did not act in good faith *within* the applicable policies, which would be a misstatement of the statute subsection that requires acting in good faith **_and_** within the applicable **written administrative policies**. This statute does not require that Kyle Lloyd act *perfectly in compliance* with the administrative policies. It requires that Kyle Lloyd's good faith conduct be within the purview of an administrative policy, which by the City of Moore's own arguments, he was. Administrative policy directed officers responding to non-emergencies to follow applicable traffic laws. Mr. Lloyd was to be *bound within* the administrative policies. Doc. 257, Trial Transcript, Vol. II, 220-221.

Officer Lloyd is not required to follow those policies *perfectly* for indemnification purposes. Such a requirement would be somewhat nonsensical. If an employee fully complied with administrative policy, there would be little basis for any liability to attach or any need for indemnity. Mr. Lloyd testified that he should have followed the policies, but he made a bad judgment. Doc. 257, Trial Transcript, Vol. II, 220:10-15. A bad judgment or performance of duties ill-advisedly does not equate to subjective bad faith. It equates to negligence in executing duties in conformity with an administrative policy. As such, Kyle Lloyd was clearly acting with good faith to entitle him to indemnification pursuant to 51 O.S. § 162.

## CONCLUSION

Pursuant to the Oklahoma Governmental Tort Claims Act, Kyle Lloyd is entitled to indemnification from his employer, City of Moore. Each factor to be considered by the Court has either been met or is inapplicable. Defendant Kyle Lloyd specifically requests that this Court order indemnification from the City of Moore for the judgment entered against him, as an employee of City of Moore, pursuant to 51 O.S. § 162(A)(2), that this Court order indemnification from the City of Moore for any supersedeas or other bond required on Kyle Lloyd's behalf, pursuant to 51 O.S. § 162(A)(3), and for all other and additional relief that this Court deems just and proper.

Respectfully Submitted,

*s/Chelsi Chaffin Bonano*
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 North Harvey Ave.
Oklahoma City, OK 73102
Telephone:    405-235-9584
Facsimile:    405-235-0051
mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEYS FOR DEFENDANT***
***KYLE LLOYD***

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the ECF registrants will receive a Notice of Electronic Filing.

*s/Chelsi Chaffin Bonano*
For the Firm

8