# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN GAINES, in his individual capacity and
as Personal Representative of the Estate of
EMILY GAINES, et al.,

Plaintiffs,

v.

**Case No. CIV-20-851-D**

CITY OF MOORE, a municipal corporation, et
al.,

Defendants.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT KYLE LLOYD'S MOTION FOR REMITTITUR [DOC. 258]

Plaintiffs respectfully submit this response in opposition to Lloyd's Remittitur Motion

[Doc. 258]. The motion should be denied.

## I. INTRODUCTION

Remittitur is not an invitation to reprice a life from chambers. Lloyd asks the Court to

reduce a jury's compensatory verdict without identifying the evidence that supposedly cannot

support it, the damages category that must be reduced, the legal ceiling that controls, or the

substitute number the Court could enter without simply choosing its own valuation. That is

not a remittitur showing. It is disagreement with the verdict.

The verdict is substantial. But size is not the test, and neither is the fact that the jury

used matching figures for the compensatory lines. Lloyd still must show that the award is

unsupported by the evidence or so excessive that it shocks the judicial conscience and raises

an irresistible inference that passion, prejudice, corruption, or another improper cause invaded the trial. He has not done that.

The Court's instructions also matter. The jury was told to award compensation, not punishment, and to decide the case from the evidence rather than counsel's argument. Court's Jury Instructions [Doc. 251] at 3-4, 14, 50. After hearing the evidence, the jury declined to award punitive damages. Jury Verdict [Doc. 252] at 7. If the verdict were driven by passion or punishment, the punitive-damages form gave the jury a direct way to say so. It did not. Those instructions and that verdict form defeat Lloyd's effort to treat a large compensatory verdict as inherently punitive.

The Court may scrutinize the verdict under Rule 59, but it may not turn that review into a second damages trial or a judicial reassessment of what Emily Gaines's life and suffering were worth. If the Court believes any particular component of the award is legally unsupported or excessive, federal remittitur procedure requires a principled, conditional remedy. Lloyd has offered neither the principle nor the number. His Remittitur Motion [Doc. 258] should be denied.

## II. GOVERNING STANDARD

Rule 59 review is not a second damages trial on paper. The question is not whether the Court would have chosen the same number, but whether the verdict is unsupported by the evidence or so excessive as to shock the judicial conscience and raise an irresistible inference that passion, prejudice, corruption, or another improper cause invaded the trial. *Bond v. Sheriff of Ottawa County*, Nos. 24-5035 & 24-5080, slip op. at 73-81 (10th Cir. Apr. 21, 2026); *Burke v. Regalado*, 935 F.3d 960, 1034-36 (10th Cir. 2019); *Hill ex rel. Estate of Hill v. J.B. Hunt Transport,*

*Inc.*, 815 F.3d 651, 668 (10th Cir. 2016); *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1229-30 (10th Cir. 2000). The jury has wide latitude in fixing noneconomic damages, and in applying Rule 59 the Court does not substitute its preferred valuation for the jury's; the controlling question remains whether the verdict has evidentiary support and is so excessive that it shocks the judicial conscience. *Burke*, 935 F.3d at 1034-35; *Hill*, 815 F.3d at 668-71; *Racher v. Westlake Nursing Home Ltd. Partnership*, 871 F.3d 1152, 1172 (10th Cir. 2017).

*Bond* shows the proper way to review a remittitur request. The Tenth Circuit affirmed the denial of remittitur after a $33 million compensatory verdict in a jail-death case by looking to the trial record, the jury instructions, and the demanding Rule 59 standard for reducing a damages award as excessive. That is the lesson here. A verdict is not reduced because it is large, and comparisons to other cases do not replace the evidence this jury heard. Remittitur remains a fact-intensive inquiry focused on the evidence presented to the jury and whether the amount of the award is so excessive as to shock the judicial conscience. *Id.* at 73-81.

To the extent Lloyd invokes Rule 59(e)'s "alter or amend" language, that framing adds nothing. Rule 59(e) relief is reserved for an intervening change in controlling law, previously unavailable new evidence, or the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Lloyd identifies no intervening law, no new evidence, and no independent judgment error. His motion rises or falls on remittitur principles.

## III. THE VERDICT WAS COMPENSATORY; LLOYD'S MOTION TREATS SIZE AS PUNISHMENT

Lloyd's Remittitur Motion [Doc. 258] blurs the most important feature of the verdict: the $90 million award was compensatory. The Court instructed the jury that, if it found for

3

the Estate on the Civil Rights Act claim, it could award an amount that would fairly compensate the Estate for injuries and damages Emily Gaines suffered that were proximately caused by Lloyd's wrongful conduct. Court's Jury Instructions [Doc. 251] at 43-44, Instruction No. 31. The instruction then identified compensatory harms for the jury to consider. *Id.*; Jury Verdict [Doc. 252] at 5, Question 5. The Court's damages instruction then gave the jury the task of placing a compensatory value on those intangible harms: pain and suffering, loss of companionship, enjoyment of life, and loss of life. Court's Jury Instructions [Doc. 251] at 43-44, Instruction No. 31. The jury heard evidence, received the compensatory categories the Court allowed, and valued those categories under the Court's instructions.

The damages evidence was powerful and compelling. Emily's parents testified about who she was, what she did, what she brought into this world, and what she lost as a result of Lloyd's actions. Minute Order-Trial Completed [Doc. 250] at 1. That evidence supported a substantial verdict. The evidence gave the jury a reason to value the loss as substantial. Emily was 18 years old and was on her way to take the ACT college admission exam when Lloyd struck her vehicle. Order [Doc. 141] at 2. She was at the beginning of her adult life. The jury was entitled to treat that life, and the loss of it, as profoundly valuable. A remittitur motion is not an invitation to lower the value the jury placed on Emily's life and the losses she sustained simply because Lloyd believes the number should have been smaller. As such, the jury's verdict was rooted in the evidence and the law.

The Tenth Circuit's recent *Bond* decision follows the same approach, reviewing a materially similar Section 1983 death-damages instruction and then asking whether trial evidence supported the compensatory award. *Bond*, slip op. at 65-66, 79-81.

## IV. LLOYD DOES NOT IDENTIFY ANY CATEGORY LACKING EVIDENTIARY SUPPORT

Lloyd leaves the essential remittitur questions unanswered. He challenges the total and the symmetry of the numbers, but he gives the Court no missing evidence, no injury the jury was forbidden to value, no instruction or verdict-form ruling that narrows the damages submission, and no reduced figure that would follow from a principled analysis. A global objection to the total asks the Court to infer passion from size and symmetry alone. Tenth Circuit remittitur law does not permit that shortcut.

The damages categories were not invented after the verdict. The Final Pretrial Order put the core Section 1983 damages subjects in the case, and the Court's final instructions and verdict form defined the compensatory categories the jury was permitted to value. Amended Final Pretrial Report [Doc. 182] at 6-7; Order Approving Amended Final Pretrial Report [Doc. 209] at 1; Court's Jury Instructions [Doc. 251] at 43-44, Instruction No. 31; Jury Verdict [Doc. 252] at 5, Question 5. That submitted framework controls the remittitur analysis.

Lloyd does not challenge that framework. His Remittitur Motion [Doc. 258] identifies no trial testimony, admitted exhibit, objection ruling, instruction challenge, verdict-form challenge, or legal rule showing that any instructed damages category was unavailable or unsupported. He also offers no principled reduced figure. Without that showing, Lloyd asks for a global reduction based on size and symmetry alone, which is not enough under Rule 59. *Bond*, slip op. at 73-74; *Hill*, 815 F.3d at 668.

5

## V. LLOYD'S AUTHORITIES DO NOT SUPPORT REDUCING THIS COMPENSATORY DEATH VERDICT

The verdict did not compensate an abstract constitutional value. *Carey v. Piphus*, 435 U.S. 247, 254-57, 264 (1978), requires proof of actual injury for substantial compensatory damages under Section 1983, and *Memphis Community School District v. Stachura*, 477 U.S. 299, 306-10 (1986), forbids compensatory damages measured by the abstract value or importance of constitutional rights. The Court's instructions did the opposite of an abstract-value charge. They limited recovery to actual injuries and damages proximately caused by Lloyd's conduct and identified concrete compensatory categories. Court's Jury Instructions [Doc. 251] at 43-44, Instruction No. 31. The verdict should be evaluated under those concrete compensatory losses and Lloyd's failure to identify any category-specific evidentiary defect is fatal to his argument. The category-by-category verdict tracks the concrete injury categories the Court submitted; it does not add a damages premium for the abstract value of constitutional rights. The loss-of-life award compensates Emily's own loss: the life Lloyd took from her. It is not an award for the abstract value of the Fourteenth Amendment or for the mere fact of a constitutional violation.

The Court submitted the damages categories to the Estate, and Lloyd's Remittitur Motion [Doc. 258] does not challenge the instruction, attack the verdict form, or ask for a category-specific reduction. That matters because Lloyd's motion is not built around a legal defect in any submitted damages category. It is built around the size and symmetry of the numbers. But size and symmetry do not convert instructed compensatory damages into abstract constitutional damages, punitive damages, or an award unsupported by law. The Court submitted loss of life as a compensatory category, and Lloyd identifies no rule making

6

a substantial award for Emily's loss of life impermissible. Court's Jury Instructions [Doc. 251] at 43-44, Instruction No. 31.

*Malandris*, Lloyd's principal remittitur authority, does not move the needle either. There, the defendant attacked both compensatory and punitive damages after a common-law fraud and emotional-distress verdict. The Tenth Circuit treated those questions separately. It did not disturb the compensatory award, rejected the argument that emotional-distress damages had to bear a fixed relationship to the plaintiff's financial loss, and ordered remittitur only of the punitive award. *Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 703 F.2d 1152, 1168-69, 1177-78 (10th Cir. 1983).

That is the point Lloyd's citation leaves out. *Malandris* reduced a Colorado punitive-damages award because the court concluded the punitive sanction was too high. This case has no punitive award. If the jury were simply reacting from emotion or a desire to punish Lloyd, it had a separate verdict form that allowed it to punish him. It chose not to. Jury Verdict [Doc. 252] at 7; Minute Order-Trial Completed [Doc. 250] at 1. That choice supports the ordinary inference that the jury did what the Court instructed it to do: value compensation, not punishment.

The only award Lloyd attacks is compensatory damages for actual injuries and losses caused by a constitutional violation that resulted in Emily Gaines's death. *Malandris* supplies the high threshold for disturbing a verdict and the conditional-remittitur remedy if an amount-only error is found; it does not authorize reducing this Section 1983 compensatory death verdict based on size alone.

## VI. LLOYD'S OKLAHOMA AUTHORITIES DO NOT CONTROL THIS FEDERAL SECTION 1983 VERDICT

The same is true of Lloyd's Oklahoma state-law excessiveness cases. *Elmore v. Doenges Bros. Ford, Inc.*, 2001 OK CIV APP 27, paras. 5, 12, 21 P.3d 65, 69-70, is a state-law remittitur case applying Oklahoma's competent-evidence and passion-prejudice framework. *LeFlore v. Reflections of Tulsa, Inc.*, 1985 OK 72, paras. 40, 44, 708 P.2d 1068, 1077-78, involved state-law privacy and fraud claims and a conditional remittitur tied to punitive damages. Neither case supplies a cap, comparator, or governing remedy for a federal Section 1983 compensatory death verdict. The challenged award was submitted on the federal Section 1983 claim under the Court's instructions. Federal remittitur standards govern the post-verdict remedy.

Even if *Elmore* and *LeFlore* are considered for their general excessiveness language, they do not help Lloyd. They still require more than dissatisfaction with a large number. *Hill v. J.B. Hunt* shows why. The defendant there asked for a new trial or remittitur because the wrongful-death award was excessive and unsupported by the evidence. The Tenth Circuit affirmed the denial of remittitur because the defendant had not carried its burden, and it refused to measure the verdict against other cases because those comparisons say little about the evidence this jury heard or how this jury used it. *Hill ex rel. Estate of Hill v. J.B. Hunt Transport, Inc.*, 815 F.3d 651, 655-57, 668-71 (10th Cir. 2016). Lloyd's motion has the same problem. He points to the number, calls it symbolic, and asks the Court to reduce it; he does not identify an evidentiary boundary, instruction error, legal cap, or substitute figure that would make reduction a principled act rather than a judicial revaluation.

8

## VII. CLOSING ARGUMENT DOES NOT JUSTIFY REMITTITUR

Lloyd's Remittitur Motion [Doc. 258] points to Plaintiffs' closing request that the jury award $18 million for each compensatory category. Lloyd's Remittitur Motion [Doc. 258] at 3. But a damages request in closing is argument, not evidence, and Lloyd does not identify any closing argument that crossed the line by asking the jury to punish, deter, make an example of him, or award compensation for an improper purpose. The Court instructed the jury that it must base its verdict solely on the evidence, without prejudice or sympathy; that lawyers' statements and arguments are not evidence; and that closing argument is not binding because the jury's recollection of the evidence controls. Court's Jury Instructions [Doc. 251] at 3-4, 14, 50. Jurors are presumed to follow the Court's instructions. *Penry v. Johnson*, 532 U.S. 782, 799 (2001); *Bond*, slip op. at 71.

*Bond* and *Burke* foreclose remittitur based on Lloyd's generic objection to Plaintiffs' $18 million-per-category valuation unless he shows prejudice in light of the evidence, instructions, and verdict context, and he has not done so. *Bond*, slip op. at 75-81; *Burke*, 935 F.3d at 1025-36. Here, Lloyd only points to counsel's requested valuation, not to misconduct that made the verdict unreliable, and he still supplies no category-specific ceiling, evidentiary boundary, or alternative amount that would convert his objection into a principled remittitur figure.

The matching $18 million entries show symmetry in the verdict; they do not show that the verdict lacked evidentiary support, resulted from passion or prejudice, awarded punishment instead of compensation, or otherwise satisfies the standard for remittitur. Jury Verdict [Doc. 252] at 5, Question 5; Lloyd's Remittitur Motion [Doc. 258] at 3. Symmetry

9

among category amounts is not a legal substitute for a motion-based instruction challenge, a category-specific evidentiary challenge, or a principled remittitur figure.

## VIII. CONCLUSION

Lloyd has not shown that the compensatory verdict was unsupported by the evidence, that the jury ignored the Court's instructions, or that passion or prejudice invaded the deliberations. The verdict form confirms the same point: the jury awarded compensatory damages under the categories the Court submitted and declined to award punitive damages. Jury Verdict [Doc. 252] at 5, 7; Minute Order-Trial Completed [Doc. 250] at 1. That is not the pattern of a jury acting from passion or prejudice. It is the pattern of a jury valuing Emily's loss under the Court's instructions. Lloyd's Remittitur Motion [Doc. 258] should be denied.

Plaintiffs do not concede that any reduction is warranted. To preserve the point only, if the Court were to conclude otherwise, remittitur would still have to follow federal procedure. The Court may not simply replace the jury's valuation with a lower judicial valuation. At most, an amount-only remittitur would have to be conditional, giving Plaintiffs the choice between accepting the reduced amount and retrying damages; any partial new trial would have to be limited to issues distinct and separable from the rest of the case. *Hetzel v. Prince William County*, 523 U.S. 208, 211-12 (1998); *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935); *Gasoline Prods. Co. v. Champlin Refin. Co.*, 283 U.S. 494, 500 (1931); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1560-61 (10th Cir. 1991).

Lloyd has not given the Court a lawful path to any lesser number. He identifies no reduced figure tied to the evidence, no category-specific ceiling, no calculation error, and no

10

evidentiary line the jury crossed. What remains is only Lloyd's disagreement with the value the jury placed on Emily's loss. That is not a basis for remittitur.

Respectfully submitted,

**LAIRD HAMMONS LAIRD, PLLC**
*/s/ Jason Hicks*
Chris Hammons, OBA #20233
Jason M. Hicks, OBA #22176
1332 S.W. 89th Street
Oklahoma City, OK 73159
Telephone: (405) 703-4567
Facsimile: (405) 703-4061
E-mail: chris@lhllaw.com
jason@lhllaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*/s/ Jason Hicks*
**JASON HICKS**

11