## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRYAN GAINES, in his individual capacity and Personal Representative of the Estate of EMILY GAINES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-20-851-D |
| CITY OF MOORE, a municipal corporation, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT KYLE LLOYD'S OBJECTION AND RESPONSE TO DEFENDANT CITY OF MOORE'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL

COMES NOW Defendant Kyle Lloyd, by and through his counsel of record, and hereby submits to this Court his Objection and Response to Defendant City of Moore's Motion for Judgment as a Matter of Law or for New Trial. Defendant Kyle Lloyd requests that the Court deny Defendant City of Moore's Motion and leave in place the Jury's Verdict on Vicarious Liability Claim/Scope of Employment as the Jury was properly instructed on the issue.

## BRIEF IN OPPOSITION

### I.    STANDARD FOR A JUDGMENT AS A MATTER OF LAW

The Court should grant Judgment as a Matter of Law only when "the evidence was so strongly and overwhelmingly inconsistent with the verdict that no reasonable jury could have returned it." *Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1157 n.7 (10th Cir. 2022)

1

(quoting *Crowe v. Bolduc*, 334 F.3d 124, 134 (1st Cir. 2003)). This is not the case here. The evidence strongly and overwhelmingly supported the verdict finding of Vicarious Liability.

## II.    THE SCOPE OF EMPLOYMENT INSTRUCTION WAS CORRECT AND HAS BEEN AFFIRMED BY OKLAHOMA SUPREME COURT.

Defendant City of Moore relies on the language from the Oklahoma Governmental Tort Claims Act to argue that the Jury should have been instructed that a finding of scope of employment requires a separate and distinct jury finding of good faith. The Oklahoma Governmental Tort Claims Act exists to establish the narrow extent of civil liability for a governmental actor, including when that actor must indemnify for the actions of its employees. Scope of employment, as defined by the GTCA, is for the purpose of determining when the government entity must indemnify its employees. This specific definition applies between a government entity and a government employee. However, it is not the proper instruction, per the Oklahoma Supreme Court, for a jury to determine if a police officer's acts trigger *respondeat superior* or vicarious liability for his or her employer.

The Jury was properly instructed on the issue of scope of employment utilizing Oklahoma's Uniform Jury Instruction No. 6.7. The Oklahoma Supreme Court has affirmed the use of this instruction, specifically in a Governmental Tort Claims Act case. *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914. *Nail* involved injuries to an arrestee caused by a police officer. The Court held that "under the theory of respondeat superior, one acts within the scope of employment if engaged in work assigned, or if doing that which is proper, necessary and usual to accomplish the work assigned, or doing that which is

customary within the particular trade or business." *Id.* at ¶ 11. The *Nail* Court further

upheld a prior definition of the scope of employment as stated in *Rodebush v. Oklahoma*

*Nursing Homes, Ltd.*, 867 P.2d 1241, 1245 (OK 1993). In *Rodebush*, the Court stated that

an employee's action may be within the scope of employment occurs when it is:

> "fairly and naturally incident to the business" and is done "while the servant
> was engaged upon the master's business and be done, although mistakenly
> or ill advised, with a view to further the master's interest, or from some
> impulse of emotion which naturally grew out of or was incident to the attempt
> to perform the master's business."

*Id.* (quoting *Russell—Locke Super-Service Inc. v. Vaughn*, 1935 OK 90, ¶ 18, 40 P.2d 1090,

1094).

The Oklahoma Supreme Court clearly contemplated that this was the proper jury

instruction on scope of employment with the current Oklahoma Governmental Tort Claims

Act being applicable to the *Nail* case. The Court did not require that there be any specific

reference to good faith in deciding scope of employment. The Uniform Jury Instruction is

therefore proper. In fact, the Oklahoma Supreme Court's 2020 comments to OUJI 6.7

specifically cite *Nail*, a GTCA case, as the authority for the uniform instruction given here.

*See* Instruction No. 6.7, Oklahoma Uniform Jury Instructions Civil, Comments.

**III.    A SPECIFIC FINDING OF GOOD FAITH IS ONLY REQUIRED FOR
INDEMNIFICATION UNDER GTCA.**

The Jury was asked to determine the City's potential vicarious liability utilizing

OUJI 6.7., among other instructions that made clear that the City was not liable for acts

occurring outside the scope of employment. Nonetheless, the City requested the GTCA

definition of scope of employment be given to the jury, however, this definition under the

GTCA is for determining whether a government entity must indemnify its employees, a wholly different analysis than the determination of the City's liability under a vicarious liability finding. (While Kyle Lloyd was immune from liability to Plaintiffs under the GTCA because he was acting within the scope of his employment with the City when the accident occurred, the GTCA provides other indemnification duties as well.) *See* Doc 262, Lloyd's Application for Indemnification.

The scope of employment definition *within* the GTCA is for the purpose of indemnification. The City acknowledges in its Motion, "good faith, then, is crucial to the definition of scope of employment. In its *indemnification ruling*, the district court did not make an adequate determination of bad faith." *Lampkin v. Little*, 286 F.3d 1206, 1213 (10th Cir. 2002) (emphasis added). The 10th Circuit in *Lampkin* highlights the distinction between the scope of employment definition within the GTCA for indemnification purposes and scope of employment under OUJI 6.7 for determining the City's vicarious liability to Plaintiffs. Simply put, the 10th Circuit made its comments regarding good faith because *Lampkin* was an indemnification case between an employee and a government employer.

City of Moore's argument that good faith must be included in the instruction is further diluted by the fact that the Oklahoma Governmental Tort Claims Act itself provides no definition of *good faith*. City of Moore sought to provide a jury instruction with a cobbled together, self-serving definition of the phrase good faith by taking provisions from the Sudden Emergency Doctrine (*See* Doc. 166, page 29, referencing *Direct Traffic Control, Inc. v. Kidd*, 2013 OK CIV APP 103); the Workers' Compensation Act (*See* Doc.

166, page 29, referencing *Smalygo v. Green*, 2008 OK 34), and the Oklahoma Intrastate Mutual Aid Compact (*See* Doc. 166, page 29, referencing 63 O.S. § 695.7), none of which were applicable to the facts of this case. *See* Doc. 166, page 29. This "Frankenstein's Monster" clearly should not have been submitted as the law applicable to this case. As *Lampkin* instructs, good faith is a finding the Court, without a jury, must make to determine if an employee is entitled to indemnification under the GTCA. *See* Doc. 262, Lloyd's Application for Indemnification.

## IV. VICARIOUS LIABILITY AND CIVIL RIGHTS VIOLATION JURY FINDINGS ARE NOT INCONSISTENT.

City of Moore further argues that because the Jury found Kyle Lloyd to have violated Ms. Gaines' civil rights, then the finding of scope of employment is therefore inconsistent. This is in stark contrast to the actual law, however. The 10th Circuit stated that "a finding that [employee] committed particular acts in bad faith would not preclude a finding that he acted within the scope of his employment." *Lampkin v. Little*, 286 F.3d 1206, 1213 (10th Cir., 2002). *Lampkin* clearly negates the City's argument that a finding of recklessness or that Lloyd violated Ms. Gaines' civil rights would be inconsistent with the finding of being in scope of employment. Instead, *Lampkin* expressly states the opposite. Negligence and recklessness are not the same as an intentional, malicious, or bad faith finding.

**V.    EVEN *IF* GOOD FAITH WAS REQUIRED TO BE IN THE INSTRUCTION, THE EVIDENCE SUPPORTED A FINDING OF GOOD FAITH, SUCH THAT IT WOULD BE HARMLESS ERROR.**

While the Jury was not asked to *check a box* finding good faith, the Jury heard undisputed testimony that demonstrated Lloyd's good faith. This Jury heard evidence that Kyle Lloyd had no intention of harming anyone. He was not attempting to commit any fraudulent conduct. He was not engaged in any corruption. There was simply no evidence offered to support any conclusion other than Kyle Lloyd's believed that it was imperative to timely deliver the City's key fob at the request of a fellow City officer in need. The undisputed evidence was that he acted in good faith, albeit negligently or ill-advisedly.

There was no evidence presented that Kyle Lloyd was acting with a bad faith purpose or motive sufficient to take him outside of scope of employment. In fact, all the City offers for its proposition that no reasonable jury would find Kyle Lloyd acting in good faith is evidence of speed, policy violations, and the lack of an emergency situation. This, again, only points to Kyle Lloyd's negligence or recklessness, not a lack of good faith or bad faith on his part. In *Lampkin*, using excessive force in violation of policy did not equate to bad faith. Here, driving at excessive speed in violation of policy does not equate to bad faith. Therefore, regardless of the instruction, the Jury's finding would have been the same.

The scope of employment definition under OUJI 6.7 is proper when determining the City's vicarious liability. The Oklahoma Supreme Court has made clear that the use of the Uniform Jury Instruction is appropriate, including cases arising under the GTCA. Even assuming, *arguendo*, that the definition within the GTCA referencing "good faith" applied to Jury Instructions, given the evidence heard by this Court, it would be simply harmless

error to not include good faith. While there was certainly evidence of negligence, even recklessness, by Lloyd, there was simply **no evidence of bad faith presented**. This makes any *potential* error in not providing the Jury instructions related to "good faith" harmless error, and the Jury Verdict should stand. For further analysis of good faith and the factual evidence present for such a finding for the purposes of indemnification under the GTCA, see Lloyd's Application for Indemnification, Doc. 262.

## CONCLUSION

The Oklahoma Supreme Court has affirmed the use of the Uniform Jury Instruction definition of scope of employment in cases where the Oklahoma Governmental Tort Claims Act was implicated. There was no error in giving Instruction No. 22, a verbatim recitation of OUJI 6.7. Even if the definition of scope of employment found within the GTCA was somehow required to be given to the Jury, there was no definition of good faith (and City of Moore cannot simply create one), but there was sufficient evidence for the Jury to find that Kyle Lloyd was acting in good faith, making any *potential* error harmless. To grant Judgment as a Matter of Law, there must be overwhelmingly inconsistent evidence, which is certainly not present here. As such, Defendant Kyle Lloyd requests that this Court deny City of Moore's Motion for Judgment as a Matter of Law or for New Trial.

Respectfully Submitted,

*s/Chelsi Chaffin Bonano*
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 North Harvey Ave.
Oklahoma City, OK 73102
Telephone:    405-235-9584
Facsimile:    405-235-0051

7

mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEYS FOR DEFENDANT***
***KYLE LLOYD***

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the ECF registrants will receive a Notice of Electronic Filing.

*s/Chelsi Chaffin Bonano*
For the Firm