**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRYAN GAINES, in his individual capacity and Personal Representative of the Estate of EMILY GAINES, *et al.*, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-851-D |
| | ) | |
| CITY OF MOORE, a municipal corporation, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KYLE LLOYD'S REPLY BRIEF IN FURTHER
SUPPORT OF HIS MOTION FOR JUDGMENT AS A MATTER OF LAW**

COMES NOW Defendant Kyle Lloyd, by and through his counsel of record, and hereby submits to this Court his Reply Brief in Further Support of his Motion for Judgment as a Matter of Law. The Jury's findings are wholly inconsistent with the law, and allowing the verdict to remain would create a dangerous precedent for all government employees driving in private vehicles performing administrative tasks. Defendant further states that he did not waive any Rule 50 argument, as the Rule 50 motion at trial addressed the civil rights/14th Amendment claim's insufficiencies, and Defendant is not required to address every single element of the claim in order to preserve the motion. *Even if* Defendant did waive a Rule 50 argument, the Jury's findings are so inconsistent with the law and would create such a dangerous precedent that the Court *must* find for Kyle Lloyd as a matter of law regardless.

1

I.    **LLOYD WAS NOT REQUIRED TO ARGUE *EVERY* ELEMENT OF THE CIVIL RIGHTS ACT § 1983 VIOLATION OF 14TH AMENDMENT CLAIM IN A RULE 50(a) MOTION TO REASSERT AS A RULE 50(b) MOTION.**

By asserting a Rule 50 motion at time of trial, Kyle Lloyd put Plaintiffs on notice that the claim of Civil Rights Act and § 1983 Violation of 14th Amendment Claim was legally insufficient. Whether Defendant argued each element of this claim is immaterial. "The rule does not require technical ***precision*** in stating the grounds of the motion." § 2533 Motion for Judgment as a Matter of Law Before Submission, 9B Fed. Prac. & Proc. Civ. § 2533 (3d ed.) (emphasis added).

> A party certainly must move for judgment as a matter of law under Rule 50(a) at the close of the evidence in order to preserve fully the ability to press a renewed motion for judgment as a matter of law under Rule 50(b) after the verdict. Here, Abbott indisputably filed a timely motion under Rule 50(a) at the close of the evidence and specifically asserted that there was no evidence to support the age discrimination claim. Our caselaw does not as a general matter require more specificity. Otherwise, Rule 50(a) motions—often made while the jury awaits arguments and instructions—would necessarily turn into lengthy analyses of every possible piece of evidence in the other party's possible favor. In this very case, the district court told counsel to "make it very short because I know what the evidence is. So just make it short." When Abott later filed its Rule 50(b) motion, which specifically pointed out the insufficiency of Gonzalez's comparator evidence, the district court expressed no surprise and found no waiver. Finally, the record suggests that no more precision was necessary to avoid prejudice to Gonzalez. There is, in short, no reason to find that Abott lost the opportunity to explain on appeal why it was correct in timely asserting that there was no evidence of age discrimination in the March 2013 demotion.

*Gonzalez-Bermudez v. Abott Laboratories P.R. Inc.*, 990 F.3d 37, 45-46 (1st Cir. 2021) (internal citations omitted) (ruling that the party was not required to argue every element of the age discrimination claim in a Rule 50(a) motion to later reassert as a Rule 50(b) motion).

2

Therefore, as the Court and Plaintiff were well aware of the evidence, Defendant was not required to argue against every single element of a Civil Rights Act § 1983 Violation of 14th Amendment Claim at trial to preserve the legal insufficiency of the claim. Such would be a lengthy and unnecessary analysis in the middle of trial while the jury awaits further proceeding. However, the assertion of a Rule 50 motion preserves the record for the more detailed and thorough analysis for the Court's later consideration following the Jury's verdict.

II. **PLAINTIFF'S EVIDENCE ONLY SUPPORTS A FINDING OF SCOPE OF EMPLOYMENT, NOT COLOR OF STATE LAW. A FINDING OF COLOR OF STATE LAW FOR NEGLIGENT OR RECKLESS DRIVING CREATES A DANGEROUS PRECEDENT FOR GOVERNMENT EMPLOYEES PERFORMING ADMINISTRATIVE TASKS.**

As mentioned in Defendant's Motion for Judgment as a Matter of Law, to have a finding that the person was acting under the *color of state law*, the actor must be *cloaked with the authority granted to him by the state*, or government. Kyle Lloyd, while performing a task for his employer, was not doing anything with the *authority granted to him by the government*. Every single piece of *evidence* that Plaintiff claims supports a finding of color of state law only supports a finding of scope of employment. There was nothing in Plaintiff's case-in-chief that supported a finding of Kyle Lloyd acting under the color of state law.

Plaintiff states in the Response Brief [Doc. No. 266, p.5] that the analysis of color of state law is the question of whether there is a real connection between the use or misuse of state authority. As stated, Plaintiff argues that Kyle Lloyd was acting under the color of

3

state law because he had the actual authority *to speed*. No government authority granted him this authority, which was made very apparent in City of Moore's case-in-chief.

Additionally, ***just because the employer is the government does not automatically mean that the actor violated civil rights***. In fact, this creates a very dangerous precedent should the Jury verdict be allowed to remain. Any individual mail carrier or sanitation worker who runs a stop sign and injures a pedestrian is now liable for a civil rights violation? Negligent or even reckless driving were not the intent of the 14th Amendment. To be liable for a civil rights violation, the *nature of the conduct must be evaluated*. Kyle Lloyd's conduct was delivering a city key fob to a city event. This activity was not specific in any manner to his authority granted to him as a police officer, and as such, **cannot be activity under the color of state law as a matter of law**. Any employee working for an employer with vehicles or doors delivers keys without the authority of the government behind them. The nature of the activity of Kyle Lloyd can only be classified as an administrative task performed for the furtherance of his employer but not performed as a duty prescribed to a police officer. *Pitchell v. Callan*, 13 F.3d 545, 548 (2nd Cir. 1994). Liability is found "where a police officer … invokes the … power of the police department … [or] performs duties prescribed generally for police officers." *Id.*

> In the instant case, neither Sargis nor Callan was acting under color of law. When Callan pointed his gun at Pitchell, he was not acting in accordance with a police regulation … nor was he invoking the authority of the police department as in the pretense of law cases. Callan was an off-duty cop, who while drunk in his own home, used his own personal weapon to shoot a guest. Although Callan violated the law, he did so as a private citizen, not as a state actor.

*Id.* While Kyle Lloyd may well have been driving negligently and recklessly and may well have been violating numerous laws in the process, he was not doing any activity with the authority of the state granted to him specifically as a police officer, or in the performance of duties generally prescribed to the police force. In fact, City of Moore has continuously maintained that Kyle Lloyd was in direct violation of the department's policies. Kyle Lloyd was performing a task for his employer; however, it was not a task involving police power or the authority of the state. As such, a finding that Kyle Lloyd was acting under the color of state law at the time of the incident is so contrary to the law and the intent of the 14th Amendment that the Court must grant Kyle Lloyd judgment as a matter of law.

## **CONCLUSION**

The Court is being asked to carefully consider the lack of sufficient evidence to support the finding that a police officer, while performing an administrative task—delivering a key fob—for his employer who so happens to be the government, is individually liable for a **<u>civil rights violation</u>**. This will create a precedent implicating individual mail carrier, sanitation workers, and any other government employee who makes deliveries for an employer in a reckless manner subject to Constitutional civil rights violations for reckless driving. This should not stand and the Court is asked to grant Defendant's Judgment as a Matter of Law and for all other relief this Court deems just and necessary.

Respectfully Submitted,

*s/Chelsi Chaffin Bonano*
Michael Woodson, OBA No. 16347
Chelsi Chaffin Bonano, OBA No. 34627
DURBIN, LARIMORE & BIALICK
920 North Harvey Ave.
Oklahoma City, OK 73102
Telephone:    405-235-9584
Facsimile:    405-235-0051
mwoodson@dlb.net
cbonano@dlb.net
***ATTORNEYS FOR DEFENDANT***
***KYLE LLOYD***

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the ECF registrants will receive a Notice of Electronic Filing.

*s/Chelsi Chaffin Bonano*
For the Firm